# Commonwealth, By, et al. v. Louisville & Nashville Railroad Company.

(Decided October 16, 1912.)

## Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

1. Revenue and Taxation—Railroads—Assessment—Omitted Property—Proceeding to Assess—Section 4078, Kentucky Statutes.— In a proceeding to assess as omitted property certain property of a railroad company, it must affirmatively appear in the petition or statement that the report required by section 4078; Kentucky Statutes, was not made, or if made, was not in accordance with the statute, and did not include the property sought to be assessed.

2. Revenue and Taxation—Assessment—Railroads—Section 4079, Kentucky Statutes—Report Required By—Lines Operated, Owned, Leased or Controlled.—In making the report to the Auditor required by section 4079, Kentucky Statutes, the length of the lines controlled by stock ownership, though operated by their own organizations, should be included, as such stock ownership constitutes control within the meaning of the statute. As such lines are required to be reported, it is proper for the Board of Valuation and Assessment to consider them in fixing the franchise of the controlling company.

O'REAR & WILLIAMS and M. J. HOLT for appellants.

H. L. STONE, C. H. MOORMAN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

This is a proceeding by the Auditor's agent of Jefferson County, Kentucky, against the Louisville & Nashville Railroad Company to assess certain property for the year 1909 on the ground that it had been omitted from the assessment. The proceeding was instituted on December 22, 1909, by the filing of a statement pursuant to section 4260, Kentucky Statutes, in the Jefferson County Court. The statement was in two paragraphs. The railroad company demurred to each of the paragraphs and to the statement as a whole, and these demurrers were sustained. On appeal to the Jefferson Circuit Court, the demurrers were refiled, and again sustained. The Auditor's agent having declined to plead

further, the proceeding was dismissed at his cost. From the judgment so entered this appeal is prosecuted.

The property alleged to have been omitted consists of the following items, which are more specifically described and set forth in the statement:

| Nature of Property. | Fair Cash Value. |
|---|---|
| Foreign stocks ...................... | $41,906,956.00 |
| Bonds. . ........................... | 59,469,000.00 |
| Choses in action ...................... | 18,539,391.00 |
| Accounts other than above specified .... | 183,000.00 |
| Cash in hands of agents .............. | 120,000.00 |
| Cash in bank other than specified ...... | 68,000.00 |
| Cash on hand ........................ | 28,000.00 |
| Secured notes (other than recorded liens) . ........................... | 243,000.00 |
| Surplus on hand other than specified ... | 243,000.00 |

TANGIBLE PROPERTY IN JEFFERSON COUNTY.

| | |
|---|---|
| Machinery of the fair cash value of .... | 2,500,000.00 |
| Tools of the fair cash value of ......... | 850,000.00 |
| Vehicles other than rolling stock, of the fair cash value of ................. | 5,000.00 |
| Horses and mules .................... | 5,000.00 |
| Office furniture, supplies and fixtures, of the fair cash value of .............. | 40,000.00 |
| Fuel of the fair cash value of .......... | 180,000.00 |
| Lumber and timber of the fair cash value of . .............................. | 120,000.00 |
| Cross-ties of the fair cash value of ..... | 250,000.00 |
| Iron and steel appliances and supplies, rails, bolts, spikes, etc., of the fair cash value of ........................ | 400,000.00 |
| Raw materials to be used in manufacturing . ............................. | 85,000.00 |
| Manufactured articles at their shops ... | 182,000.00 |

It is alleged in the statement that the Louisville & Nashville Railroad Company is a Kentucky corporation, with its principal office and place of business in Louisville, Jefferson County, Kentucky; that it owns and operates about 4,350 miles of railroad, with its principal lines extending from Cincinnati to New Orleans via Louisville, Nashville, Birmingham and Mobile, with lines to St. Louis, Knoxville, Norton, Va., Atlanta, Pensacola

and other important points; that it owned and operated by their own organizations certain other railroads aggregating 2,636.27 miles. It is further charged that on July 1, 1908, and September 1, 1908, the Louisville & Nashville Railroad Company owned and controlled said lines of railway and also owned all the property above set out. After mentioning said personal property, the statement concludes with the following allegation:

"All of which property was subject to assessment for state and county purposes for the year 1909, and no part of which was assessed by the assessor or any other assessing officer of the State or this county, at or on the date aforesaid, or for the year named. Plaintiff states that the assessment of said property at and on the date above mentioned was omited from taxation and is yet omitted and that none of said property has ever been listed.

"Plaintiff states that all of the property of the defendant as herein mentioned, of the fair cash value as herein stated, was subject to assessment for State and County taxes for the year 1909, and that the plaintiff is now entitled to recover and receive of the defendant said State and county taxes on said property for the year named."

In paragraph two of the statement, it is alleged that the defendant company is a public utility corporation, operating as a common carrier in the State of Kentucky and elsewhere, with about 1,600 miles of railroad in this State, and rolling stock and real estate as set forth and assessed by the railroad company of this State in its last assessment of said company of its rolling stock and real estate; that neither the said railroad commission nor the State Board of Valuation and Assessment, in making assessments of the said defendant company's property in its last assessment thereof, took into consideration or value for assessment the surplus of the defendant company, its materials and supplies situated in the State of Kentucky, the raw materials and manufactured articles located at its shops in Jefferson County, and considered no property for assessment for taxation save and except the rolling stock and real estate of the defendant company, its mileage in this State and elsewhere, and included in the said mileage estimate, and as a part of the mileage outside of the State, those roads controlled by it by stock ownership, but operated by

their own organizations, whereas said roads should not have been considered with the mileage outside of this State, and apportioned with the mileage in this State, in arriving at the value of the franchise which said defendant exercises in this State. Then follow the names of the roads alleged to have been operated by their own organizations, together with the mileage of each, aggregating in all 2,636.27 miles. It is further charged that by reason of said roads being considered, the fair cash value of the defendant company's franchise was improperly undervalued, and said railroad was not assessed by the State Board in the manner required by law and at its fair cash value. It is further alleged that the Board of Valuation and Assessment of the State of Kentucky had finally passed upon the assessment of the franchise of the defendant company, and adjourned and fixed the same at $......... That it finally acted on said franchise assessment and finally valued same on May 4, 1909, at the amount heretofore stated. That plaintiff filed with the statement, and as a part thereof, the report of the defendant company, filed with the Auditor of Public Accounts of the State of Kentucky, and marked same "Exhibit A," for identification. That the franchise assessment of said defendant company for said year was not made in the manner and form required by statute, and it is in no sense conclusive upon the plaintiff, and made no attempt to assess the property of the defendant company theretofore set out, save and except such as it is alleged was considered by the State board and railroad commission, in making its assessment of the rolling stock, real estate and franchise of the defendant company, and that the property specified in the statement was wholly omitted from the assessment for State and county taxation for the year 1909. The statement concludes with a prayer that the court hear and determine the amount, character and value of the property omitted by the defendant from assessment for taxation for the year 1909, and assess same against the defendant at its fair cash value, estimated at the price the same would bring at a fair voluntary sale, and that said order of assessment be certified by the clerk to the Auditor of the State, and the sheriff of Jefferson County; that the sheriff collect said taxes on said assessment as other taxes are collected by him, together with the costs, and

a penalty or fee of 20 per cent due the Auditor's agent who filed the statement.

Exhibit "A," referred to in the second paragraph of the petition, does not appear to have been filed, and is not made a part of the record before us.

For the railroad company it is insisted that the court properly sustained its demurrers to the statement, because the statement fails to allege either that the railroad did not file the report required by section 4078, Kentucky Statutes, by which the assessment of its property for the year 1909 was made, or that the railroad company failed to report the property set out in the statement for said year. For the purpose of getting the question fairly before us, it will be necessary to give a brief history of the method employed by the State in assessing railroad property. Prior to the year 1864, railroad property was not assessed at all. By an act passed in that year the legislature provided that railroad companies should be assessed at $20,000 a mile, and that they should pay on that assessment the same rate that was levied on real estate. In the year 1876, a law was passed providing for local taxation of railroad companies, and authorizing the assessment of their property by local assessors. By an act of April 3, 1878, the assessment of railroad property, whether for State, county or other purposes, was vested exclusively in a board of equalization, appointed by the Governor. The purpose of this act was to produce uniformity in the assessments, and do away with the fragmentary taxation of the same line by a number of assessors, a method which had been found unsatisfactory. C. N. O. & T. P. Ry. Co. v. Commonwealth, 81 Ky., 492; Board of Equalization of Campbell Co. v. L. & N. R. R. Co., 139 Ky., 386 Thus at the time of the adoption of the Constitution of 1891, the method of assessing railroad property was different from the method employed in the assessment of other property. Section 182 of the Constitution provides:

"Nothing in this Constitution shall be construed to prevent the General Assembly from providing, by law, how railroads and railroad property shall be assessed and how taxes thereon shall be collected. And, until otherwise provided, the present law on said subject shall remain in force."

By an act of November 11, 1892 (Acts 1891, 92-93, pp. 227, 366), the manner of assessing for taxation the tangi-

ble property of railroad companies was continued with a few unimportant changes. By the same act, the legislature, pursuant to authority given by sections 174 and 181 of the Constitution, provided for the assessment for taxation of the franchise of every corporation, railway company or association, having or exercising any special or exclusive privilege or privileges not allowed by law, to natural persons, and provided that every such railway company, association or corporation, should, in addition to the other taxes imposed upon it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district where the franchise might be exercised. To this end, a board of valuation and assessment, consisting of the Auditor, Treasurer and Secretary of State, was created for the purpose of assessing such franchises and apportioning the assessments. This was the first step taken towards the assessment of the franchises of railway companies and other corporations in Kentucky.

Under the statute now in force, the tangible property of the railroad company is assessed by the railroad commission, while its franchise is assessed by the State Board of Valuation and Assessment. For the purpose of assisting each board in assessing the property which it is required by law to assess, every railroad company is required to make, under oath, to the Auditor of Public Accounts, two reports, one on the first day of July in each year, and the other between the 30th day of June and the 1st day of October of each year. The one on July 1st, is the report upon which the railroad commission bases its assessment of tangible property. This report requires the railroad to designate the total length of the railroad, including the length beyond the limits of the State, and designating the length within the State, and in each county, city, incorporated town and taxing district therein, together with the average value per mile thereof, for the purpose of being operated as a carrier of freight and passengers, including engines and cars, and a list of the depot grounds and improvements, and other real estate of said company, and the value thereof. If the company owns or operates a railroad or railroads out of the State the report shall further show such proportion of the entire value of all the railroad's rolling stock as the number of miles of its road in this State bears to the whole number of miles operated by said company in and out of

this State. (Section 4096, Kentucky Statutes.) The report to be made between the 30th of June and 1st of October, for the purpose of enabling the Board of Valuation and Assessment to assess the franchise of the railroad company, must show the name and principal place of business of the corporation, the kind of business engaged in, the amount of capital stock, preferred and common, the number of shares of each; the amount of stock paid up, the par and real value thereof, the highest price at which said stock was sold at a bona fide sale within twelve months next before the 30th day of June of the year in which the statement is filed; the amount of surplus funds and undivided profits and the value of all other assets; the total amount of indebtedness as principal; the amount of gross or net earnings or income, including interest on investments and income from all other sources for twelve months preceding the 30th day of June of the year in which the statement is required; the amount and kind of tangible property in this State, and where situated, assessed or liable to assessment in the State, and the fair cash value thereof, and such other facts as the Auditor may require. (Section 4078, Kentucky Statutes.)

The law further requires that where the line or lines extend beyond this State, the statement shall in addition to other facts required to be shown, show the length of the entire lines operated, owned, leased or controlled in this State and in this State and elsewhere. It further provides that the statement shall show the same facts with reference to the lines leased or operated or controlled by the corporations as it is required to show with reference to the corporation itself. (Section 4079, Kentucky Statutes.)

Section 4079 further provides the following method in assessing franchises:

"Said board, from said statement, and from such other evidence as it may have, if such corporation, company or association be organized under the laws of this State, shall fix the value of the capital stock of the corporation, company or association as provided in the next succeeding section, and from the amount thus fixed shall deduct the assessed value of all tangible property assessed in this State, or in the counties where situated. The remainder thus found shall be the fair value of its corporate franchise, subject to taxation as aforesaid."

In discussing the foregoing provisions of the Constitution and sections of the statute, this court, in Henderson Bridge Co. v. Commonwealth, 99 Ky., 623, said:

"In the light of the foregoing provisions of the Constitution, and of the act of the Legislature, and of the instructions given to the Board of Valuation and Assessment and of the sworn statement demanded of the president of the company, on which, with other testimony to make this valuation, we are constrained to say that by this term capital stock the Legislature meant to include the entire property, real and personal, tangible and intangible, all assets on hand, and its franchise as well, and that when so embraced and construed and valued as an entirety, then to take off the tangible property already assessed, and that the net balance will show and shall be the value of the franchise to be taxed under section 4077."

And in Cumberland Tel. & Tel. Co. v. Hopkins, &c., and L. & N. R. R. Co. v. Same, 121 Ky., 850, the court used the following language:

"Railroads are required to pay taxes upon their tangible property. The mode of taxing it is set out by statute. (Sections 4096-4104, Ky. Stats., 1903.) It is to be valued as an entire piece of property 'for the purpose of being operated as a carrier of freight and passengers.' (Section 4096, Ky. Stats., 1903.) That is, the road-bed, including right of way and tracks, depots, sidings and its cars, equipage and tools, are to be taken in the aggregate as a railroad. The franchise tax is 'in addition to the other taxes imposed on it by law' (Section 4077, Ky. Stats., 1903), and is meant to cover all the intangible property of the concern, as represented by the earning value of its capital, employed in the specific business of a carrier of freight and passengers."

And in the recent case of Commonwealth, by &c. v. L. & N. R. R. Co., 142 Ky., 663, where it was sought to assess as omitted property the same property involved in this action, though for a different year, the court, in discussing the foregoing provisions of the statute, with reference to the taxation of franchise, said:

"From the foregoing statutes it is apparent that it was the legislative intent that all property of every kind and description, owned by a railroad company in this State, should be taxed by one or the other of these boards. The real estate is clearly to be taxed by the Railroad

Commission, and the intangible property by the Board of Valuation and Assessment; but inasmuch as the Board of Valuation and Assessment, in arriving at the value of the franchise, must deduct from the total value fixed by it upon the capital stock of the company the assessed value of its tangible property, as found by the Railroad Commission, it is readily seen that the assessment is at least made by the Board of Valuation and Assessment. The information which the railroad is required to give should be ample to enable this board to arrive at a fair and just valuation of the franchise; but if the information given in such report is, in the opinion of the Board of Valuation and Assessment, not sufficient, the statute authorizes it to receive other information in order that it may arrive at a fair valuation.''

"The answer in this case alleges that the report required by the statute was made, and the demurrer admits that it was. It shows, after giving in detail certain data required by the act, the value of all other assets. This item, 'all other assets,' would necessarily include every item set out in the statement which appellant seeks to have listed as omitted property.''

The only difference between the above case and the case under consideration is that in the above case the railroad company answered and pleaded affirmatively that it had filed the reports for the year in question that were required by the statute. In this case, an attempt is made to assess as omitted properly the same property for the year 1909, without alleging that the company failed to make the reports required by section 4078. As a severe penalty is provided for failure to make this report, the presumption is that the report was made. Therefore, in a proceeding such as this, to assess the property of the railroad company on the ground that it was omitted from assessment, it must affirmatively appear in the petition or statement either that the report required by section 4078 was not made, or that the report, if made, was not in accordance with the statute and did not include the property sought to be assessed.

But, there is an attempt to show that in this case the property sought to be assessed as omitted property was not included in the capital stock valuation, because the Board of Valuation and Assessment, in fixing the capital stock, considered other roads controlled by the L. & N. Railroad Company, through stock ownership, but which

were operated by their own organizations.    The statute requires that the railroad company shall report to the Auditor of Public Accounts its entire lines "operated, owned, leased or controlled" in and out of the State. If the railroad company owns a majority of the stock of another company, so that it may elect its directors and dictate its policy, there can be no doubt that it controls it within the meaning of the statute, and that such other railroad should be included in the report required to be made to the Auditor.    If required to be reported, the Board of Valuation and Assessment may take them into consideration in fixing the value of the franchise of the controlling company in the State of Kentucky.    That being true, the allegations in the second paragraph of the petition are not sufficient to show that the Board of Valuation and Assessment, in fixing the value of appellee's franchise, adopted a plan different from that provided by the statute.

It follows that the Circuit Court properly sustained appellee's demurrer to each paragraph of the statement, and to the statement as a whole.

Judgment affirmed.