UNEMPLOYMENT COMPENSATION COMMISSION v. CITY ICE AND COAL COMPANY, INC.; CITY DAIRY FARM, INC.; AND CAROLINAS ICE COMPANY.

(Filed 16 June, 1939.)

1. **Master and Servant § 57—Separate corporations having substantially the same stockholders and identical management held but single employing unit.**

   The agreed statement of facts disclosed that the three defendant corporations have common officers and directors and substantially identical stockholders, and that they maintain a central business office where each keeps its records and handles all clerical matters. *Held:* The three corporations are owned and controlled directly or indirectly by the same interests within the meaning of section 19 (f) (4) of the North Carolina Unemployment Compensation Act (chapter 1, Public Laws of 1936), and constitute but a single employing unit within the meaning of the act.

2. **Master and Servant § 56—**

   The General Assembly has the power to determine the scope of the Unemployment Compensation Act, and the definitions and tests therein prescribed will be applied by the courts in accordance with the legislative intent.

3. **Master and Servant § 57—**

   The words in the provision of the North Carolina Compensation Act that enterprises "controlled" by the same "interests" shall be considered but a single employing unit will be given their distinct, definite, and commonly understood meaning.

4. **Corporations § 8—**

   Ordinarily, the control of a corporation is held by the individual or group of individuals having the voting rights of a majority of the stock.

APPEAL by defendants, City Ice and Coal Company, Inc., City Dairy Farm, Inc., and Carolinas Ice Company, from *Olive, J.,* at September Mixed Term, 1938, of WAKE. Affirmed.

This is a controversy without action, under C. S., 626, to determine whether defendants are liable for contributions under the N. C. Unem-

ployment Compensation Act. Under the agreed statement of facts it appears that defendants are all North Carolina corporations, two of which are engaged in the coal and ice business while the third is engaged in the dairy business; that all three corporations have the same officers and the same directors, and, with the exception of two names, the lists of stockholders of the three defendants is identical; that the three defendants have a single central business office where all records are kept and all clerical matters handled; that the payment of all obligations of the three defendants is handled through a single office and the same individual acts as secretary, treasurer, and general manager of each corporation; that the same attorney is legal adviser to all three defendants; that, with the exception of a single individual, all shares of the three corporations are owned by members of the same family; and that only a single officer of each corporation, the secretary-treasurer, is paid a salary. It is further agreed that defendant City Ice and Coal Company, during 1936 and 1937, had more than eight employees in each of twenty weeks during each year, and, accordingly, such defendant is liable for contributions under the Unemployment Compensation Act. See chapter 1, sec. 19 (f), (1); Public Laws (Ex. Session) 1936. It is also agreed that, by the same test, the City Dairy Farm is not liable for contributions for the years 1936 and 1937, unless the three officers are counted as "employees" within the meaning of the act, and that the Carolinas Ice Company, during these years, even counting the officers as employees, was not liable for contributions under the act. However, plaintiff contended, on these facts, that the inter-relationship of the three defendants and the degree of control over each exercised by the same interests was such that the three defendants should be considered together as a single employing unit. The trial judge accepted this view. Accordingly, it became unnecessary to pass upon the secondary question, i.e., whether officers of a corporation who receive no salary are "employees."

From a judgment declaring that the defendants "are owned and controlled by legally enforceable means or otherwise, directly or indirectly by the same interests within the meaning and intent of section 19 (f), (4) of the Unemployment Compensation Law of North Carolina," and, so treating the three defendants as a single employing unit, holding defendants liable for contributions under the act, defendants excepted, assigned error and appealed to the Supreme Court.

*Adrian J. Newton, Ralph Moody, and J. C. B. Ehringhaus, Jr.,* for plaintiff.

*Oscar G. Barker* for defendants.

CLARKSON, J. Are the three corporate defendants "owned and controlled . . . directly or indirectly by the same interests" within the meaning of section 19 (f), (4) of the N. C. Unemployment Compensation Act (chapter 1, Public Laws, Ex. Session, 1936) ? We think they are. As this question is answered in the affirmative, it becomes unnecessary to pass upon the incidental question as to the status of nonsalaried, corporate officers as "employees" of said corporation.

The agreed statement of facts presents a clear picture of three affiliated corporate enterprises, whose stock is closely held in a family corporation. The corporations are directed from a central office and are operated under a single, central management. All the stockholders (with a single exception as to the ownership of ten shares of stock in one of the corporations) are members of the same family, and the same individuals are the officers and directors of each corporate defendant. Not only does the instant case present the familiar picture of interlocking directorates so frequently evident where allied commercial interests seek to bring several related enterprises within the scope of a common, central control, but the mutuality of interest is further accentuated by the fact that the number of stockholders in each enterprise is small and the same names recur, with substantial identity, in each of the three lists of stockholders. The case presents a typical example of a particular pattern of inter-related corporate organization made subject to contribution in the interest of the alleviation of unemployment. The section of the act under consideration is clear in its intent to bring within the meaning of the act those separate corporate enterprises which have voluntarily waived the benefits of their separate identities by surrendering their control to a common management. The General Assembly has declared that if the separate enterprises are "controlled . . . directly or indirectly by the same interests," the fiction of corporate identity is to be ignored in the face of a reality to the contrary and the affiliated enterprises are to be taxed as a single, employing unit. Here the direct, the intermediate, and the ultimate control of the individual enterprises is that of the "same interests": The corporations have a common secretary-treasurer and general manager; they have common officers and directors; and their lists of stockholders are substantially identical. At all times the clear and undisputed "control" of each of the corporate defendants is vested in the same, small, family group of individuals.

That the General Assembly has the power to determine the scope of the act and to lay down definitions and tests to be applied in administering it, has already been determined. *Unemployment Compensation Com. v. Ins. Co.,* 215 N. C., 479. The function of this Court is but to determine the legislative intent and, having done so, to apply to the

particular case the yardstick devised by the General Assembly. *United States v. Goldenburg,* 168 U. S., 85, 103; *Supply Co. v. Maxwell,* 212 N. C., 624 (627); *Belk Bros. v. Maxwell,* 215 N. C., 10 (13), (*certiorari* denied by Supreme Court of United States 5 June, 1939). The test of taxability of related enterprises under this act is whether the individual enterprises are "controlled" by the "same interests." These are words in common use normally conveying rather distinct and definite thought content. As such they are to be given their plain, natural and commonly understood meanings. *Manning v. R. R.,* 188 N. C., 648 (659); *Abernathy v. Comrs.,* 169 N. C., 631 (635). Corporate control normally is directed by the board of directors but the ultimate control is vested in the stockholders. Anderson, Limitations of Corporate Entity, sec. 326; Vartanian, Law of Corporations in North Carolina, sec. 236. Hence, control of a corporation is ordinarily held by that individual or group of individuals having the voting rights of a majority of the stock of the corporation. *Commonwealth v. Louisville & Nashville R. Co.,* 149 Ky., 829, 150 S. W., 37. Accordingly, when that individual or group having such control of a corporation likewise has similar control of one or more affiliated and related corporations (as in the instant case), these corporations—using the plain, natural and ordinarily accepted meanings of the words—are said to be "controlled by the same interests." When the inter-relationship existing between or among two or more business enterprises is such that a substantial unification of those enterprises emanating from a common source or fountain-head, the General Assembly has declared that, since the separate identity of the enterprises has in large measure been swallowed up in such unification, these affiliated enterprises are to be taxed under this act not as separate units but as a single, employing unit.

The view here presented is supported by, and is in keeping with, the general intent of the Unemployment Compensation Act. It regards corporate organization objectively and realistically, unencumbered by fictions of corporate identity, and thus, brushing aside form, deals with substance. 1 Fletcher, Cyclopedia Corporations, Perm. Ed., sec. 45. It tends to aid a more effective administration of the act in that the number of smaller units from which contributions are to be made will be reduced, while the benefits to be derived from the unemployment insurance will be extended to a larger number of individuals. See *Unemployment Compensation Com. v. Ins. Co., supra.*

For the reasons given, the judgment of the court below is
Affirmed.