FLORIDA INDUSTRIAL COMMISSION and S. L. WILSON, Sheriff, v. GARY-LOCKHART DRUG CO., INC., FOLEY DRUG CO., INC., and GARY-LOCKHART, INC.

196 So. 845
En Banc
Opinion Filed June 7, 1940

*John P. Mack,* for Petitioners;
*Paul Ritter,* for Respondents.

CHAPMAN, J.—The plaintiffs below, Gary-Lockhart Drug Co., Inc., Foley Drug Store, Inc., Carver Drug Co., Inc., and Gary-Lockhart, Inc., filed their bill of complaint in the Circuit Court of Taylor County, Florida, against the Florida Industrial Commission and the Sheriff of Taylor County, seeking a temporary and permanent injunction against the levying of a warrant on the property of the plaintiffs by the sheriff as issued by the Florida Industrial Commission for certain assessments and determinations in amount, or amounts, appearing in the warrants in the hands of the sheriff as made by the Industrial Commission.

The Industrial Commission of Florida answered the bill of complaint and admitted the material allegations thereof but contended, as a matter of law, that the amounts named in the warrants then in the hands of the sheriff to be levied on the property of the plaintiffs were authorized by Par. 1 of Section 3G of Chapter 18402, Acts of 1937, Laws of Florida, viz.:

"G. 'Employer' means: I. Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in em-

ployment eight or more individuals (irrespective of whether the same individuals are or were employed in each such day) ;" and as amended by Chapter 19637, Acts of 1939, Laws of Florida, being Par. IV of Section 3 G, viz.:

"IV. Any employing unit which, together with one or more employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests or by husband and wife, or which owns or controls one or more other employing units or a majority of the voting stock of one or more corporations (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units, or interests, or both, would be an employer under Paragraph 1 of this subsection."

The lower court held that the Industrial Commission had no authority or power to make the assessments against the plaintiff under Chapter 18402, Acts of 1937, Laws of Florida, for the years 1937 and 1938, but had the authority or power under Chapter 19637, Acts of 1939, Laws of Florida, amending Chapter 18402, *supra,* to make the assessments for the year 1939. An order was entered restraining the collection of the assessments for the years 1937 and 1938 but declined to restrain the collection of the assessments for the year 1939. On petition for writ of ceritorari this order is here for review.

The material portions of the order appealed from are, viz.:

"Acting on that basis the Commission made assessments against the aforesaid corporations for the unemployment fund for the years 1937, 1938 and 1939.

"In the opinion of the Court, these corporations do come within the purview of the 1939 Act, but do not come clearly and specifically within the provisions of the 1937 Act. The Gary-Lockhart interests do own and control 'a majority of

the voting stock' in each of the corporations and the aforesaid amendment makes the 1939 Act clearly apply to them. The Legislature undoubtedly deemed the amendment necessary in order to specifically and without question make the Act apply to just such situations as are presented here, and that without question makes the Act apply to just such situations as are presented here, and that without such amendment the applicability of the Act thereto was uncertain, and therefore, the 1937 Act was, by the amendatory legislation, given the added provision to make it certain. It is the unanimous holding of all courts that taxing statutes such as this must be clear and explicit and without question or doubt in order to be enforceable.

"Therefore, this Court is of the opinion that until the amendment of 1939 these corporations did not clearly and specifically come within the purview of the law, and that therefore the Commission was without authority to levy the assessments for the years 1937 and 1938, as it has done, but had the authority to levy the assessment for the year 1939."

Counsel for the respective parties stipulated as true the facts, viz.:

"1. The sole basis upon which the Industrial Commission predicates its claim that the Drug Store Corporations involved are one employing unit is the fact that the aggregate of the voting stock owned by P. O. Lockhart if added to the stock owned by the Gary Estate, constitutes a majority of the voting stock of the Drug Store Corporations mentioned.

"2. The Drug Store Corporations involved in this case were organized and existing prior to the effective date of the 1937 Unemployment Compensation Statute, and were not organized for the purpose of evading any taxes.

"3. The several corporations involved in this case do not put on a common front to the public, are not subjected to centralized management, bookkeeping or advertising and do not use a common trade name.

"4. But for the fact that P. O. Lockhart and the Gary Estate together own a majority of the voting stock in the several corporations, there would be no contention that the same constitute one unit."

The question for decision by this Court is: Are the four corporations, *supra,* owned by P. O. Lockhart and the Gary Estate or controlled directly or indirectly by the same interests in such a manner as constitutes an employment unit and taxable as such within the meaning of Subsection IV G of Section 3 of Chapter 18402, Acts of 1937, Laws of Florida? The portion of Subsection IV G, Section 3 of Chapter 18402, *supra,* material to a decision of this case is, viz.:

"IV. An employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under Paragraph I of this subsection;"

The ownership of stock in the four corporations, as disclosed by the record, is as follows:

"*Perry Corporation:*

| | |
|---|---|
| Estate of C. W. Gary | 49 shares |
| P. O. Lockhart | 49 shares |
| Claude W. Gary | 1 share |
| Celia J. Gary | 1 share |

(each share of equal value)

*"Foley Corporation:*

| | |
|---|---|
| Gary Estate | 38 shares |
| P. O. Lockhart | 37 shares |
| G. C. Scruggs | 25 shares |
| Celia J. Gary | 1 share |
| (each share of equal value) | |

*"Port St. Joe Corporation:*

| | |
|---|---|
| Celia J. Gary | 2 shares |
| G. W. Gary | 36 shares |
| P. O. Lockhart | 37 shares |
| Bernice Lockhart | 1 share |
| Unissued | 33 shares |
| (each share of equal value) | |

*"Leesburg Corporation:*

| | |
|---|---|
| W. J. Taylor | 33 shares |
| P. O. Lockhart | 33 shares |
| C. W. Gary | 34 shares |
| (each share of equal value)" | |

No one of the four corporations employs as many as eight people, but considering the four as a single employment unit, eight people or more are employed. The Industrial Commission for taxation purposes asserts that within the meaning of the law the four corporations constitute one employment unit, upon the theory that the four corporations are owned or controlled by the same interests and employed more than eight people for the years 1937, 1938 and 1939, and made the assessments against them, issued warrants for the collection thereof, and the sheriff was restrained from collecting the same.

It was the contention of counsel for the plaintiffs in the lower court that these corporations are distinct and independent enterprises, and not affiliated with each other in

such a way or manner as to constitute one unit for taxation purposes within the meaning of the quoted provisions of Chapter 18402, *supra.* Counsel for the respective parties are in accord upon the facts of the case.

Courts of other jurisdictions have, from time to time, had occasion to construe statutes similar to the one here involved. The Supreme Court of North Carolina, in Unemployment Compensation Commission v. City Ice & Coal Co., Inc., 216 N. C. 6, 3 S. E. (2d) 290, had before it three separate and distinct corporate entities, each employing less than eight workers, but as an employment unit employed more than eight workers, and under a statute identical with the Florida statute, held that the three corporations were controlled by the same interests and taxable. That Court said:

"* * * The test of taxability of related enterprises under this Act is whether the individual enterprises are 'controlled' by the 'same interests.' These are words in common use normally conveying rather distinct and definite thought-content. As such they are to be given their plain, natural and commonly understood meanings. Manning v. R. Co., 188 N. C. 648, 659, 125 S. E. 555; Abernathy v. Board of Com'rs, 169 N. C. 631, 635, 86 S. E. 577. Corporate control normally is directed by the board of directors but the ultimate control is vested in the stockholders. Anderson, Limitations of Corporate Entity, Section 326; Vartanian, Law of Corporations in North Carolina, Section 236. Hence, control of a corporation is ordinarily held by that individual or group of individuals having the voting rights of a majority of the stock of the corporations. Commonwealth v. Louisville & Nashville R. Co., 149 Ky. 829, 150 S. W. 37. Accordingly, when that individual or group having such control of a corporation likewise has similar control

of one or more affiliated and related corporations (as in the instant case), these corporations—using the plain, natural and ordinarily-accepted meanings of the words—are said to be 'controlled by the same interests.' * * *"

The case of Gibson Products Co., Inc., of Tulsa, Oklahoma, *et al.,* v. Murphy, as Com'r, etc., Okla., 100 Pac. 2d 453, involves an Unemployment Compensation Act very much like Chapter 18402, Acts of 1937, Laws of Florida. The agreed facts of that case show that the stock of the two plaintiff corporations is owned by the same interests and controlled by three directors owning the stock, and that neither of the corporations employ eight workers but as an employing unit the two corporations employ eight workers. The tax was paid under protest and the Act was assailed on many grounds. The fact, said the court, that corporations maintain separate places of business and separate office facilities makes no valid distinction where the corporations are owned and controlled by the same interests. The entire Act was sustained by that court.

In the case of Industrial Commission of Colorado v. Alma-Denver Bus Lines, Inc., a decision of the State District Court of Colorado, the Court had before it the same question as is now before this Court, and the facts and law of that case, material here are, viz. :

"This is an action by the plaintiff to recover contributions from the defendant under the Unemployment Compensation Act passed by the Legislature of Colorado in 1936 and 1937. The provisions of that Act require contributions only from employers of eight or more employees, which also is the requirement of the Federal Act. Sec. 19F4, however, goes beyond the Federal Act by including in a definition of employers,

" 'Any employing unit which together with one or more

other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise) and which it treated as a single unit with such other employing unit, would be an employer under Paragraph 1 of this subsection. * * *'

"Under a stipulation of facts it is admitted that the defendant corporation employs less than eight employees, but that the defendant corporation and the Auto Rental Service, Inc., together employ eight or more individuals, and that the stock of both corporations is owned by the same three individuals, and therefore if both corporations were treated as a single unit as provided in Section 19F4 the defendant would be an employer under the Act. It is stipulated, therefore, that unless provisions of this Act are violative of the Constitution of the United States or the Constitution of the State of Colorado the plaintiff shall have judgment for the amount set forth in the complaint.

"The issue raised by the pleadings and stipulations presents the question whether the State Legislature may go behind the corporate entities of two or more corporations controlled by the same stockholders in imposing a tax which is clearly for the public benefit. Legally the employer in this case is the corporation, but under the terms of the Act the so called corporate fiction is ignored, and the arbitrary class of employers employing eight or more employees is stretched to include stockholders controlling corporations employing eight or more employees.

"A number of cases are cited in the plaintiff's brief in which the so called corporate fiction has been ignored to prevent tax evasion, interstate commerce regulations and numerous cases may be found in corporate law where the so called fiction has been ignored for other reasons.

"A similar Unemployment Insurance Act has been upheld by the Supreme Court of Alabama, and the decision of the State Court affirmed by the United States Supreme Court in the case of Carmichael v. Southern Coal Co., 81 U. S. Sup. Ct. L. Ed. 811 (301 U. S. 495, 57 Sup. Ct. 868, 81 L. Ed. 1245, 109 A. L. R. 1327), and Steward Machine Co. v. Davis, 81 L. Ed. 1279 (301 U. S. 548, 57 Sup. Ct. 883, 109 A. L. R. 1293). The Alabama Act contained provisions similar to those in Sec. 19F4, but the constitutionality of this section was not raised either before the State Court or the United States Supreme Court, the Act merely being construed as a whole."

The Legislature of the State of Alabama enacted an Unemployment Compensation Act, being General Acts of 1935, page 950; General Acts of 1936; Extra Session, pages 176, 225, 228. The purpose of the Act was to require certain employers and employees to make regular contributions to a fund to be paid to the employees of that class when not employed. An employer, according to the Act, meant a person or corporation who had employed at least eight persons in each of 20 or more calendar weeks of 1935. The Acts set out and define an employing unit. The Supreme Court of the State of Alabama upheld the law. See Beeland Wholesale Co. v. Kaufman, 234 Ala. 249, 174 So. 516; Carmichael v. Southern Coal Co., 301 U. S. 495, 57 Sup. Ct. 868, 81 L. Ed. 1245, 109 A. L. R. 1327; Steward Machine Co. v. Davis, 301 U. S. 548, 57 Sup. Ct. 883, 81 L. Ed. 1279, 109 S. L. R. 1293.

It is admitted on the record that a majority of the stock in each of the four corporations is owned by a common interest unit, to-wit, P. O. Lockhart and the Gary Estate. The statute, *supra,* provides that an employing unit, together with one or more employing units, when owned or controlled

.directly or indirectly by the same *interests,* or which owns or controls one or more other employing units, and which, if treated as a single unit with other employing units, or interests, or both, would be an employer. If the rule enunciated by the Supreme Court of the State of North Carolina in the case of Unemployment Compensation Commission v. City Ice & Coal Co., Inc., *supra,* and adopted by the Supreme Courts of the States of Oklahoma and Colorado, is applied to the admitted facts in the case at bar, the conclusion is inevitable that the four corporations are an employment unit because they are each under the control and ownership of the same interests, to-wit: P. O. Lockhart and Gary Estate. See S. B. McMaster v. South Carolina Unemployment Compensation Com., a decision of the State District Court of South Carolina (decided October, 1938); Ricker's Dry Cleaning & Dyeing Works v. Michigan Unemployment Compensation Co., a decision of the State District Court of Michigan (decided February 14, 1940.)

The lower court was of the opinion that the 1939 amendment to par. 4, Subsection G of Section 3 of Chapter 16937, viz., "own a majority of the voting stock of one or more corporations" "or by husband and wife," brought the respondents clearly within the meaning and spirit of the Act and under the provisions of Chapter 18402, Laws of Florida, Acts of 1937, the Industrial Commission was without authority to make the assessments against the corporations for the years 1937 and 1938 and to issue its warrants for the collection thereof. We fail to find error in this ruling.

Counsel for respondents contend that the order of the lower court holding that the Florida Industrial Commission had authority under the provisions of Chapter 19637, Acts of 1939, Laws of Florida, amending Chapter 18402, supra, broadening the terms and meaning of an employment unit, to make assessments for the year 1939 was re-

versible error. It will be observed that the words, viz.: "own a majority of the voting stock of one or more corporations," "or by husband and wife," were added by the 1939 amendment to Par. 4, Subsection G of Section 3 of Chapter 19637. The amendment by the addition of the words, *supra*, cannot restrict but does expand the terms of the original Act. We fail to find merit in this contention.

The writ of certiorari prayed for is hereby denied and the interlocutory order of the lower court is affirmed.

TERRELL, C. J., WHITFIELD and BUFORD, J. J., concur.

BROWN and THOMAS, J. J., dissent.