## MARYLAND UNEMPLOYMENT COMPENSATION BOARD *v.* LILLIE C. ALBRECHT

[No. 26, January Term, 1944.]

88

*Decided March 24, 1944.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, and BAILEY, JJ.

*Albert A. Levin,* Special Assistant Attorney General, with whom was *William C. Welsh,* Attorney General, on the brief, for the appellant.

*Lee I. Hecht* and *Isaac Hecht,* for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

The issue on this appeal is whether the Maryland Unemployment Compensation Board can lawfully assess Lillie C. Albrecht, widow, and William G. Albrecht, Jr., her son, for contributions to the unemployment compensation fund on wages paid to an elevator operator in their office building on Pratt Street in Baltimore.

The Unemployment Compensation Law of Maryland, intended to supplement the Federal Social Security Act, 42 U. S. C. A., Secs. 301-1307, was enacted by the Legislature in 1936 in view of the widespread unemployment caused by the depression. The tax demanded from the employer is an excise tax imposed by the Legislature in the exercise of the police power of the State. *Howes Brothers Co. v. Massachusetts Unemployment Compensation Commission,* 296 Mass. 275, 5 N. E. 2d 720. The Legislature, in announcing the public policy of the State, declared that protection against unemployment is necessary for the achievement of social security, and that the public good and the general welfare of the citizens of the State required enactment of the measure compelling the setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own, thereby limiting the serious social consequences of poor relief assistance. Acts of 1936, Dec. Sp. Sess., ch. 1, Code, 1943 Supp, Art. 95A, Sec. 2. Payment of benefits to the unemployed, conditioned on unemployment without proof of indigence of the beneficiaries, is a permissible

use of state funds. In considering the Unemployment Compensation Law of Alabama, Justice Stone said: "The states, by their constitutions and laws, may set their own limits upon their spending power, * * * but the requirements of due process leave free scope for the exercise of a wide legislative discretion in determining what expenditures will serve the public interest. * * * The existence of local conditions which, because of their nature and extent, are of concern to the public as a whole, the modes of advancing the public interest by correcting them or avoiding their consequences, are peculiarly within the knowledge of the legislature, and to it, and not to the courts, is committed the duty and responsibility of making choice of the possible methods." *Carmichael v. Southern Coal & Coke Co.*, 301 U. S. 495, 57 S. Ct. 868, 874, 875, 81 L. Ed. 1245, 109 A. L. R. 1327, 1336.

The Maryland law applied originally to employers having eight or more employees, but commencing with the year 1938 it has applied to employers having four or more employees. Acts of 1937, Sp. Sess., ch. 2, Code, 1943 Supp., Art. 95A, Sec. 19 (f) (1). At no time have appellees employed more than one person. Nevertheless, the Unemployment Compensation Board assessed them for contributions by reason of the fact that they owned 87½% of the capital stock of the Albrecht Company, a corporation engaged in the bookbinding business in Baltimore. The Board based its action upon the common control clause, which declares that "employer", as contemplated by the act, means: "Any employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or by husband and wife, or which owns or controls (by legally enforceable means or otherwise) one or more other employing units and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under Paragraph (1) of this subsection. A partnership shall, for the purpose of this subsection, be considered as under common control with an-

other employing unit if the partner or partners common to each employing unit do under the terms of written Articles of Partnership or in fact own more than a 50% interest therein." Acts of 1941, ch. 385, Code, 1943 Supp., Art. 95A, Sec. 19 (f) (4).

The record in this case discloses (1) that the office building on Pratt Street was originally owned by William G. Albrecht, Sr., who devised it to his widow and son, who have kept it simply as an investment without any connection with any other employing unit; and (2) that the Albrecht Company, which is located in another building in the city, was incorporated a number of years ago with William G. Albrecht, Sr., and his son as the stockholders, the father owning 75% of the capital stock and his son 25%, and that the father bequeathed 12½% of the outstanding stock to his widow, 50% to his son, and 12½% to his son's wife. Section 6 (h) of the act provides that within ten days after a decision of the Unemployment Compensation Board becomes final, any party aggrieved thereby may secure judicial review thereof by appeal to the Circuit Court of the County or the Superior Court of Baltimore City, as the case may be. In any judicial proceeding under this section, the findings of the Board as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law. The section further provides that an appeal may be taken from the court's decision to the Court of Appeals. In this case the decision of the Board was reversed by the Superior Court of Baltimore City. From the judgment in favor of the employers the Board appealed to this court.

In considering the Unemployment Compensation Law in its aspect as a tax statute, the court must construe it with the employers' interest definitely in mind, and should not extend its provisions so as to make them applicable to any case not clearly within the contemplation of the Legislature. *State ex rel. Oklahoma Employment Security Commission v. Tulsa Flower Exchange, Okl. Sup.,* 135 P. 2d 46; 3 *Sutherland, Statutory Construction,* 3rd

Edition, Sec. 7211. It is thoroughly understood that when a claim is made for exemption from taxation, the court construes the statute strictly against the person claiming the exemption. The taxing power, essential for the support of government, is never presumed to be relinquished by the State unless such an intention is expressed in clear and explicit language, and any doubt as to whether an exemption has been granted is resolved in favor of the State. *Havre de Grace v. Havre de Grace & Perryville Bridge Co.*, 145 Md. 491, 495, 125 A. 704. But this case is not one presenting a question of exemption from taxation; it is a case inquiring whether the employers upon whom the State seeks to impose the tax come within the purview of the statute and thus the tax can be lawfully imposed in the first instance. It is a fundamental principle that no tax can be lawfully imposed except upon clear and distinct authority established by those who seek to impose it, and every statute imposing a tax should be construed most strongly in favor of the citizen and against the State. *Magruder v. Hospelhorn*, 173 Md. 62, 72, 194 A. 839.

It is apparent that the purpose of the Legislature in enacting the common control clause was to prevent employers from splitting up an employing unit into smaller units to escape the tax when there is a continuation of common control of their affairs. Common control of separate legal entities is undoubtedly sufficient ground for their classification as a single employing unit. The Legislature has the right to enact legal provisions intended to prevent evasion and to aid in the enforcement of a legal enactment. The court may consider a corporation as unencumbered by the fiction of corporate entity, and deal with substance rather than form, as though the corporation did not exist, in order to prevent evasion of legal obligations and to subserve the ends of justice. *New Haven Metal & Heating Supply Co. v. Danaher*, 128 Conn. 213, 21 A. 2d 383; *Unemployment Compensation Commission v. City Ice & Coal Co.*, 216 N. C. 6, 3 S. E. 2d 290. Justice Cardozo, in his opinion declaring the Social Se-

curity Act constitutional, referred to the equal protection clause as follows: "But even the states, though subject to such a clause, are not confined to a formula of rigid uniformity in framing measures of taxation. * * * They may lay an excise on the operations of a particular kind of business, and exempt some other kind of business closely akin thereto." *Chas. C. Steward Machine Co. v. Davis*, 301 U. S. 548, 57 S. Ct. 883, 889, 81 L. Ed. 1279, 109 A. L. R. 1293, 1301.

However, to avoid unconstitutionality, a statute, which applies only to those persons who fall within a specified class, must be reasonable and not arbitrary in its classification, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, in order that all persons in similar circumstances will be treated alike. *Godsol v. Michigan Unemployment Compensation Commission*, 302 Mich. 652, 5 N. W. 2d 519, 142 A. L. R. 910. If we should adopt the construction urged by the Unemployment Compensation Board, a corporation with only three employees would be taxed whenever a stockholder owning more than 50% of the capital stock happened to have an employee of his own. To compel a corporation to pay a tax in such a case, while all competitors having three employees would be exempt, would be unjust to minority stockholders, where there has been no attempt to evade the law. In like manner, appellees would be taxed, while owners of other buildings where there are less than four employees would be exempt. Under such a construction, the common control clause would be discriminatory and unreasonable, and would deprive appellees of the equal protection of the laws guaranteed by the Fourteenth Amendment of the Federal Constitution.

We are, therefore, unwilling to follow the devision in *Independent Gasoline Co. v. Bureau of Unemployment Compensation*, 190 Ga. 613, 10 S. E. 2d 58, that the common control clause is void. It has always been the policy of our law in Maryland to adopt such a construction of a statute, if fairly possible, as will avoid a conclusion that

will make it unconstitutional, the presumption being that the Legislature does not intend to violate the Constitution. The court will assume, whenever the provisions of the statute permit, that the Legislature intended its enactment to have effect only within the limits of constitutionality. *Swann v. City of Baltimore,* 132 Md. 256, 103 A. 441; *Jones v. Gordy,* 169 Md. 173, 182, 180 A. 272. Here the presumption in favor of constitutionality is particularly strong because the Unemployment Compensation Law is a remedial statute and should be construed as far as possible in such a way that its objective of alleviating economic distress may be accomplished. Of course, we realize, as Judge Shake indicated in *Benner-Coryell Lumber Co. v. Indiana Unemployment Compensation Board,* 218 Ind. 20, 29 N. E. 2d 776, 780, that if the Legislature should express an unmistakable intention to make majority ownership conclusive of unity of interest and control, then the court would be constrained to hold the common control clause unconstitutional.

The cardinal rule of statutory construction is that statutes should always be construed to effectuate the intention of the Legislature. In ascertaining that intention, the court construes the statute according to the ordinary and natural import of its language, unless a different meaning is clearly indicated by the context. Ordinarily the court is not at liberty to surmise a legislative intention contrary to the letter of the statute. When, however, some imperative reason is found in the statute for enlarging or restricting its meaning, the court is justified in disregarding the natural import of its language. The legislative intention may be gathered from the cause or necessity which induced the enactment, or from foreign circumstances, and such circumstances when so discovered must be followed, even though the construction may seem to be contrary to the letter of the statute. *Chesapeake & Ohio Canal Co. v. Baltimore & Ohio R. Co.,* 4 Gill & J. 1, 152; *City of Baltimore v. Williams,* 129 Md. 290, 298, 99 A. 362; *State Tax Commission v. Potomac Electric Power Co.,* 182 Md. 111, 32 A. 2d 382. By hold-

ing that the Legislature intended ownership to be only *prima facie* evidence of common control, we adopt the construction, accepted by nearly all of the courts in this country, that the common control clause does not violate the equal protection clause of the Fourteenth Amendment. *Maine Unemployment Compensation Commission v. Androscoggin Junior,* 137 Me. 154, 16 A. 2d 252; *Milrose Co. v. Unemployment Compensation Commission,* 126 N. J. L. 441, 19 A. 2d 892; *Unemployment Compensation Commission of North Carolina v. Jefferson Standard Life Insurance Co.,* 215 N. C. 479, 2 S. E. 2d 584; *Florida Industrial Commission v. Gary-Lockhart Drug Co.,* 143 Fla. 293, 196 So. 845; *Mississippi Unemployment Compensation Commission v. Avent,* 192 Miss. 85, 4 So. 2d 296, 684; *Washington Oil Corporation of Texas v. State,* Tex. Civ. App, 159 S. W. 2d 517; *State v. Kitsap County Bank,* 10 Wash. 2d 520, 117 P. 2d. 228. It is our opinion that two employing units may be treated as a single employing unit when they are in fact under common control, or would have been operated as a single unit or substantially under common control if the statute had not been enacted. *Iron Street Corporation v. Michigan Unemployment Compensation Commission,* 305 Mich. 643, 9 N. W. 2d 874, 878; *Kellogg v. Murphy,* 349 Mo. 1165, 164 S. W. 2d 285, 295.

Our opinion is not affected by the statutory presumption, which the Legislature inserted in the Act of 1941, that a partnership shall be considered as under common control with another employing unit if the partner or partners common to each employing unit own more than 50 per cent. interest therein. *Bandini Petroleum Co. v. Superior Court,* 284 U. S. 8, 52 S. Ct. 103, 76 L. Ed. 136, 78 A. L. R. 826, lays down the law that the State, in the exercise of its general power to prescribe rules of evidence, may provide that proof of a particular fact shall be *prima facie* evidence of another fact, when there is some rational connection between the fact proved and the ultimate fact presumed; but the legislative presumption is invalid when it is entirely arbitrary, or creates

an invidious discrimination, or operates to deprive a party of a reasonable opportunity to present the pertinent facts in his defense. It must follow that the Legislature has no authority to authorize the imposition of a tax upon a partnership on the theory of common control with another employing unit under the guise of a rule of evidence, when the rule is arbitrary and discriminatory, and it is shown by clear and substantial evidence that the partnership is really not under common control with the other employing unit. *Kellogg v. Murphy,* 349 Mo. 1165, 164 S. W. 2d 285, 294. The Legislature has enacted that if any provision of the Unemployment Compensation Law or the application thereof to any person or circumstance is held invalid, the remainder of the Act and the application of such provision to other persons or circumstances shall not be affected thereby; and if any provision, clause, sentence or section shall be declared to be invalid or in violation of any provision of the State or Federal Constitution, the remainder of the Act shall stand and be effective notwithstanding. Code, 1943 Supp., Art. 95A, Sec. 22. We hold in this State that if a portion of a statute is unconstitutional, the whole statute should not be declared void for that reason. Even though constitutional and unconstitutional provisions of a statute are contained in the same section, yet they may be entirely distinct and separable. The division of a statute into sections is purely artificial, and the point is not whether valid and invalid provisions are contained in the same section, but whether they are essentially and inseparably connected in substance. *Leser v. Lowenstein,* 129 Md. 244, 256, 98 A. 712.

It is undisputed that the office building and the Albrecht Company have never been under common control, and there has been no subterfuge with the purpose of evading the statute. Holding that the Unemployment Compensation Board had no authority to assess appellees on the wages of one employee, we affirm the judgment of the court below reversing the order of assessment.

*Judgment affirmed.*