ROBERTS, Justice,
In a claim for unemployment compensation filed against the appellant, Pleus Bros. Sheet Metal Works, a partnership, the Board of Review held that the appellant, Tampa Metal Products, Inc., a corporation organized by the Pleus brothers and their respective wives, was “in essence a department, branch, or division of the business operated by the appellant partnership” so that the employees of the corporation were the employees of the partnership; that the partnership qualified as an “employer” under Sec. 443.03, Fla.Stat.1955, F.S.A.; and that the wages paid the claimant by the appellant partnership, whether from the partnership or corporation account, constituted wages for insured work within the meaning of the Unemployment Compensation Act. The order of the Board of Review was affirmed by the circuit court on appeal, and this appeal by the corporation and the partnership followed.
The sole issue here is whether it was proper to disregard the corporate entity and group the corporation employees with those o’f the partnership, thus qualifying the partnership as an “employer” under the requirements of Sec. 443.03(7), Fla.Stat.1955, F.S.A.
The record shows that the partnership was formed in 1947 by Ernest Pleus and his brother, Herman W. Pleus, Jr. They fabricate articles made out of heavy sheet metal, such as kitchen cabinets, sinks and drain boards, truck bodies, and tanks. Prior to 1951, the partnership made some *605 of the parts (essentially the shell, or outer part) for kiddie ride trains. At that time, their customer for the last-named item requested the partnership to manufacture the complete trains, tracks and cross ties; and a corporation, Tampa Metal Products, Inc., was organized for this purpose, the incor-porators being the Pleu9 brothers and their respective wives. In addition to kiddie ride trains, the corporation has produced two other products for each of two special customers. A workshop was purchased by the corporation in which to fabricate its products. Its office work is, however, performed in the partnership’s office, and heavy equipment owned by the partnership is used by the corporation’s employees for cutting and bending sheet metal when the equipment is not in use by the partnership’s employees. Employees are transferred from one workshop and payroll to the other during slack periods of one or the other of the businesses. But each business manufactures different products, purchases its own supplies, keeps separate records and bank accounts, bills its own customers, and makes up its own payroll.
Prior to 1947, the holding of the Board of Review could perhaps have been sustained under the provision of Ch. 18402, Acts of 1937, as amended by Ch. 19637, Acts of 1939, (appearing as Sec. 443.03(7) (d), Fla.Stat.1941) defining an “employer”, among others, as follows:
“Any employing unit which, together with one or more employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests or by husband and wife, or which owns or controls one or more other employing units or a majority of the voting stock of one or more corporations (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units, or interests, or both, would be an employer under Paragraph 1 of this subsection.”
But this section of the Unemployment Compensation Act was repealed by Ch. 24085, Acts of 1947; and we find no other provision of the Act which would justify grouping together the employees of two separate “employing units” (a corporation and a partnership), each engaged in manufacturing a different product and operated as a separate financial entity, even though each business is controlled by the same individuals. There is no suggestion that the corporation was organized for any except valid business purposes, and we cannot assume that its sole raison d’etre was to avoid the liability imposed by the Unemployment Compensation Act. This being so, we find no justification for disregarding the corporate entity and treating its employees as those of the partnership. Cf. Naranja Rock Co., Inc., v. Dawal Farms, Inc., Fla.1954, 74 So.2d 282, a workmen’s compensation case.
“It is the unanimous holding of all courts that taxing statutes such as this must be clear and explicit and without question or doubt in order to be enforceable.” Florida Industrial Commission v. Gary-Lockhart Drug Co., 1940, 143 Fla. 293, 196 So. 845, 847. Since the instant claim for unemployment compensation is not clearly within the provisions of the Act, it cannot be allowed.
Reversed.
HOBSON, DREW and O’CONNELL, JJ., concur.
TERRELL, C. J., and THOMAS and THORNAL, JJ., dissent.