INDEPENDENT GASOLINE COMPANY *v.* BUREAU OF
UNEMPLOYMENT COMPENSATION.

No. 13400.   JULY 9, 1940.   REHEARING DENIED JULY 23, 1940.

*Williams & Freeman,* for plaintiff in error.

*Clifford Walker* and *Otis L. Hathcock,* contra.

DUCKWORTH, Justice. The only portion of the unemployment compensation law here attacked is section 19(g)(4). Section 19(g)(1) defines as an employer any employing unit having in its employment eight or more individuals; and it is alleged in the petition that by virtue of the provision of section 19(g)(4) the defendant is an employer and should be made to pay as provided by the act. The defendant is a corporation and as such is an artificial person. Code, § 22-101. This legal entity retains its separate and independent character, regardless of the ownership of its capital stock; and as such it can not be held liable for the obligations of a stockholder. Nor are the stockholders liable for the obligations of the corporation. *Newton Mfg. Co.* v. *White,* 42 *Ga.* 148; *Exchange Bank of Macon* v. *Macon Construction Co.,* 97 *Ga.* 1 (25 S. E. 326, 33 L. R. A. 800); *Waycross Air-Line R. Co.* v. *Offerman & Western R. Co.,* 109 *Ga.* 827 (35 S. E. 275); *Garmany* v. *Lawton,* 124 *Ga.* 876 (53 S. E. 669, 110 Am. St. R. 207); *Central of Georgia Railway Co.* v. *Central Trust Co.,* 135 *Ga.* 472 (2) (69 S. E. 708); *Liberty Lumber Co.* v. *Silas,* 181 *Ga.*

774 (184 S. E. 286) ; *Shingler* v. *Shingler,* 184 *Ga.* 671 (192 S. E. 824) ; *Hollingsworth* v. *Georgia Fruit Growers Inc.,* 185 *Ga.* 873 (196 S. E. 766) ; *Simpson* v. *Charters,* 188 *Ga.* 842 (5 S. E. 2d, 27) ; Pullman's Palace Car Co. *v.* Missouri Pacific Railway Co., 115 U. S. 587 (6 Sup. Ct. 194, 29 L. ed. 499) ; Peterson *v.* Chicago, Rock Island & Pacific Ry. Co., 205 U. S. 364 (27 Sup. Ct. 513, 51 L. ed. 841) ; Interstate Commerce Commission *v.* Stickney, 215 U. S. 98 (30 Sup. Ct. 66, 54 L. ed. 112) ; United States *v.* Delaware, Lackawanna & Western R. Co., 238 U. S. 516 (35 Sup. Ct. 873, 59 L. ed. 1438). But it has been held that where stock ownership has been resorted to for the purpose of controlling a subsidiary company so that it may be used as a mere agency or instrumentality of the owning company, courts will not permit themselves to be blinded or deceived by mere form of law, but will, regardless of fiction, deal with the substance as if the corporation did not exist and as justice may require. United States *v.* Lehigh Valley Railroad Co., 220 U. S. 257 (31 Sup. Ct. 387, 55 L. ed. 458) ; Chicago, Milwaukee & Saint Paul Railway Co. *v.* Minneapolis Civic Association, 247 U. S. 490 (38 Sup. Ct. 553, 62 L. ed. 490) ; Burnet *v.* Commonwealth Improvement Co., 287 U. S. 415 (53 Sup. Ct. 198, 77 L. ed. 389). We do not consider any of the decisions above cited as authority for an arbitrary disregard of the legal status and substantial rights of a corporation which has done no wrong and is seeking to evade no law. The constitutional provisions here invoked by the defendant do not appear to be limited as to parties or circumstances, but are universal and impartial. The exact language of that portion of the United States constitution which the defendant invokes (Code, § 1-815) is as follows: "No State shall . . deny to any person within its jurisdiction the equal protection of the laws." The provision of the State constitution invoked (§ 2-102) declares that "Protection to person and property is the paramount duty of government and shall be impartial and complete." We now place the provision of the act as applied to the defendant by the side of these constitutional provisions, to determine whether there is a violation. This defendant does not employ the minimum of eight required by the act to render it subject. No competitor of defendant, whether an individual or corporation, having only five employees, as does this defendant, is subject to the provisions of the act or required to pay

any tax thereunder. Therefore if this defendant is required by section 19(g)(4) to pay the tax, it is thereby definitely carrying a tax burden from which all others, both individuals and corporations, similarly situated are exempt. There is no room for doubt that in such circumstances this defendant is denied the equal protection guaranteed by the Federal constitution and the impartial and complete protection of property guaranteed by the State constitution.

But it is contended that the legislature was authorized to place this defendant in a classification different from similar corporations and individuals, because of the fact that the owner of a majority of its stock owns a majority of the stock of another corporation, and that the two corporations are controlled by the same interests. This reasoning ignores the fact that this defendant is utterly powerless to determine who shall own its capital stock, or to fashion the business transactions and conduct of its stockholders. Since these are matters beyond the control of the corporation, they do not constitute a basis justifying the classification; and a classification must be reasonable and have a fair and substantial relation to the object of the legislation. *County of Walton* v. *County of Morgan,* 120 *Ga.* 548 (48 S. E. 243); *Stewart* v. *Anderson,* 140 *Ga.* 31 (78 S. E. 457); F. S. Royster Guano Co. *v.* Virginia, 253 U. S. 412, 415 (40 Sup. Ct. 560, 64 L. ed. 989). It is contended, however, that the classification is justified as a means for enforcing the law and preventing its evasion. No doubt exists as to the right of the legislature to enact any legal provision that will prevent evasion and aid in the enforcement of a legal enactment. Purity Extract & Tonic Co. *v.* Lynch, 226 U. S. 192 (33 Sup. Ct. 44, 57 L. ed. 184). But this rule should never sustain an act that places a burden upon innocent and helpless minority stockholders solely because of the status of the majority stockholder who might seek to evade his legitimate obligations under the statute. Such provision to the extent of the pro-rata share of the tax borne by the minority stockholder enables the majority stockholder to escape his obligations. If it is sought to prevent evasion, the fair and reasonable course would be to impose the entire tax burden upon the interest owning or controlling the different units. Since this procedure would provide a complete means of enforcement and of preventing evasion, and since it would

keep the burden of tax payment upon the actor whose conduct it is sought to control, the method prescribed under section 19(g)(4) is unreasonable, unfair, and can not be sustained.

In Unemployment Compensation Commission v. City Ice & Coal Co., 216 N. C. 6 (3 S. E. 2d, 290), the Supreme Court of North Carolina held section 19(f)(4) of the North Carolina act, which is substantially the same as section 19(g)(4) of the Georgia act, to subject the three corporations there involved to the payment of the tax required by the act. While the facts in that case are similar to those in the present case, yet it does not appear that the court passed on the validity of the law. The opinion merely interpreted the provisions of the act to embrace the defendants involved, and it does not constitute an adjudication that the act is valid as against the grounds of attack made in the present case. It is also well to note the concluding sentence of the opinion, as follows: "It tends to aid a more effective administration of the act, in that the number of smaller units from which contributions are to be made will be reduced, while the benefits to be derived from the unemployment insurance will be extended to a larger number of individuals." We think the quoted language shows a misconstruction of the act, because it clearly does not reduce the number of units from which contributions are to be made, but requires contribution from each employing unit rendered subject. Another case where a provision similar to the Georgia act was involved is Gibson Products Co. v. Murphy, Okla. (100 Pac. 2d, 453). The Supreme Court of Oklahoma held a provision of the Oklahoma act, which is substantially the same as section 19(g)(4) of the Georgia act, valid as against an attack upon the ground that it violates the contract clause of the State constitution. None of the grounds of attack in the present case were presented or passed upon by that court; and hence the opinion is not authority on the question before us.

This record presents no reason for denying to the plaintiff in error the equal protection guaranteed by the State and United States constitutions. The portion of section 19(g)(4) upon which the present action is brought, and which declares that an "employer" under the act shall include "any employing unit, which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, . . and which, if treated

**618**

as a single unit with such other employing units, . . would be an employer under paragraph 1 of this subsection," contravenes the constitutional provisions invoked. It is therefore void, and the demurrer raising this question should have been sustained.

*Judgment reversed. All the Justices concur.*

GRICE, Justice. I am agreeing to the opinion; but there is an additional reason why it seems to me the judgment is correct, and that is that the statute referred to did not contemplate a situation such as is shown by this record. Here we have not only two distinct corporations, but one of them is in one county, one in another. One's line of business is entirely different from the other's. The work required of an employee of the one is not of the same character as that of the other. The two are not one business. It is not a case where the same employees work sometimes for one company, and at other times for the other company. It is not an instance where two or more corporations are engaged in doing things which in their nature are related, nor where for convenience different elements of the same business are operated under different charters; nor is this a case of subterfuge. The two businesses are wholly unrelated. It was not intended that the law should be applied to a state of facts such as that here shown. Compare *Brooks* v. *Brooks,* 185 *Ga.* 549, 554 (195 S. E. 869). Mr. Chief Justice Reid concurs in these views.