STATE OF NORTH CAROLINA, Ex REL. UNEMPLOYMENT COMPENSA-
TION COMMISSION v. J. M. WILLIS BARBER AND BEAUTY SHOP,
AND REYNOLDS BUILDING BARBER SHOP, WINSTON-SALEM, N. C.

(Filed 31 May, 1941.)

1. **Master and Servant § 61—Appellant from Unemployment Compensation
   Commission is not entitled to jury trial upon exceptions to finding of
   fact.**

   When, in a proceeding under the Unemployment Compensation Law to
   determine the liability of a defendant for taxation as an employer, exceptions are taken to the findings of fact made by the Commission in accordance with the procedure prescribed by the Act (ch. 1, Extra Session of
   1936, amended by ch. 27, Public Laws 1939), the defendant is not entitled
   to a trial *de novo* of the issues raised by his exceptions, the provision of
   sec. 11 (n) that upon exceptions to any facts found the cause should be
   placed on the civil issue docket not necessarily requiring a trial by jury,
   C. S., 562, 952, and it being expressly provided by secs. 11 (m) and 6 (i)
   that the findings of fact by the Commission should be conclusive when
   supported by evidence, and that the jurisdiction of the Superior Court
   should be confined to questions of law.

2. **Constitutional Law § 17: Taxation § 34—**

   The constitutional right to trial by jury, N. C. Constitution, Art. I, sec.
   19, does not apply to matters concerned with the administration of the
   tax laws and the machinery for the collection of taxes, unless the statute
   affords express authority for this method of determining questions of fact.

3. **Same: Master and Servant § 61—**

   The provisions of the Unemployment Compensation Law that the Commission's findings of fact in a proceeding before it should be conclusive
   on appeal when supported by competent evidence is constitutional, and
   objection thereto on the ground that it deprives a defendant of his right
   to trial by jury is untenable, since the provision relates to the administration of a tax law and the machinery for the collection of taxes, and
   further, since in addition to the remedy of appeal from the decision of the

Commission, the Act provides that a defendant may pay the tax under protest and sue for its recovery. Sec. 14 (e).

**4. Same—**

A defendant in a proceeding under the North Carolina Unemployment Compensation Law is given the right to appeal, and also to pay the tax under protest and sue for its recovery, but he must pursue his remedy in the manner prescribed by the Act, and when he appeals upon exceptions to the findings of fact made by the Commission in a proceeding to determine his tax liability he may not object to the provisions of the Act that the Commission's findings are conclusive when supported by evidence.

**5. Master and Servant § 58: Constitutional Law §§ 13, 16—**

An individual who operates three places of business, employing in the aggregate more than 8 employees, is an "employer" as defined in sec. 19 (f) (4) of the North Carolina Unemployment Compensation Act, and he cannot successfully maintain that the application of this section to him and the imposition of the unemployment compensation tax deprives him of property without due process of law or denies him of the equal protection of the laws, 14th Amendment to the Federal Constitution, Art. I, sec. 17 of the State Constitution, sec. 19 (f) (4) of the Act not being violative of constitutional provisions when properly interpreted and applied.

**6. Master and Servant § 56—**

The intent of the Legislature to provide a wide scope in the application of the Unemployment Compensation Act to mitigate the economic evils of unemployment, and to bring within its provisions employments therein defined beyond the scope of existing definitions or categories, is apparent from the language of the Act, and all doubts as to constitutionality should be resolved in favor of the validity of the Act and all its provisions.

APPEAL by defendant J. M. Willis from *Rousseau, J.,* at February Term, 1941, of FORSYTH. Affirmed.

This was a proceeding under the Unemployment Compensation Law to determine the liability of the defendant J. M. Willis for taxation as an employer under the statute. In accord with the procedure prescribed by the Act (ch. 1, Extra Session, 1936, amended by ch. 27 and ch. 209, Public Laws 1939), the facts in relation thereto were found by the Unemployment Compensation Commission, and upon the facts so found it was concluded as a matter of law that three employing units were controlled by the defendant, and that he was responsible for contributions to the Unemployment Compensation fund with respect to wages payable for employment therein.

Exceptions to the findings of fact and conclusions of law were duly noted and appeal taken to the Superior Court. In the Superior Court defendant demanded trial *de novo* by the court and jury at term time, upon issues raised by his exceptions. Motions to this effect were denied. The court held that the findings of fact by the Unemployment Compen-

sation Commission were supported by competent evidence, and adjudged that these findings, as well as the conclusions of law thereon, be in all respects approved and affirmed.

Defendant appealed to this Court, assigning errors.

*Adrian J. Newton, Ralph Moody, and W. D. Holoman for plaintiff, appellee.*

*Winfield Blackwell and Gilbert L. Shermer for defendant, appellant.*

DEVIN, J. Upon investigation, conducted in accordance with the procedure prescribed by the Unemployment Compensation statute, and from the testimony thereby obtained, it was found as a fact by the Unemployment Compensation Commission that defendant J. M. Willis was proprietor of three employing units, "J. M. Willis Barber & Beauty Shop, 124 Burke Street," "J. M. Willis Barber & Beauty Shop, 114 Reynolds Building," and "Reynolds Building Barber Shop," all in the city of Winston-Salem, and that in these places, where the business indicated was carried on under the ownership or control of the defendant, more than a sufficient number of persons were regularly employed to require contributions under the Unemployment Compensation statute.

The first question presented by the appeal, and the one chiefly debated in the argument, is whether the findings of fact made by the Unemployment Compensation Commission, in determining the liability of the defendant under the Unemployment Compensation Law, were conclusive on appeal, or whether, upon exceptions to the findings of fact, duly noted and brought forward on appeal to the Superior Court, the defendant was entitled to a trial of the issues by the court and jury *de novo.*

The provisions of the statute which relate to appeals from the Commission and the procedure thereon are contained in sec. 11 (m) and (n), the pertinent portions of which we quote as follows:

"(m) The Commission after due notice shall have the right and power to hold and conduct hearings for the purpose of determining the rights, status and liabilities of any 'employing unit' or 'employer' as said terms are defined by Section 19(e) and Section 19(f) and subsections thereunder of this Act. The Commission shall have the power and authority to determine any and all questions and issues of fact or questions of law that may arise under the Unemployment Compensation Law that may affect the rights, liabilities and status of any employing unit or employer as heretofore defined by the Unemployment Compensation Law including the right to determine the amount of contributions, if any, which may be due the Commission by any employer. All hearings shall be conducted and held at the office of the Commission and shall be open to the public and shall be stenographically reported and the Commission shall

provide for the preparation of a record of all hearings and other proceedings. The Commission may provide for the taking of evidence by a deputy in which event he shall swear or cause the witnesses to be sworn and shall transmit all testimony to the Commission for its determination. From all decisions or determinations made by the Commission any party affected thereby shall be entitled to an appeal to the Superior Court. . . . When an exception is made to the facts as found by the Commission, the appeal shall be to the Superior Court in Term Time but the decision or determination of the Commission upon such review in the Superior Court shall be conclusive and binding as to all questions of fact supported by any competent evidence. . . .

"(n) The cause shall be entitled 'State of North Carolina on Relationship of the Unemployment Compensation Commission of North Carolina against (here insert name of appellant),' and if there are exceptions to any facts found by the Commission it shall be placed on the civil issue docket of such Court and shall have precedence over other civil actions except those described in Section 14(b) of the Unemployment Compensation Law, and such cause shall be tried under such rules and regulations as are prescribed for the trial of other civil causes."

It is contended that the language of subsection (n) implies a trial by jury when exceptions are noted to findings of fact, since the cause is required to be placed on the "civil issue docket," and tried under the rules "prescribed for the trial of other civil causes."

On the other hand, it should be said that, while placing a case on the civil issue docket usually indicates a trial by jury of issues of fact, this does not necessarily follow, nor compel the conclusion that the Legislature so intended, as there may be, and frequently are, issues of law and questions of fact, triable by the judge, which properly find their way to this docket. C. S., 562, 952. Hence, we think the mandatory provisions in subsection (m) immediately preceding must be held controlling, and that the trial in the Superior Court on appeal must be subject to the limitation that the decision or determination of the Commission upon such review in the Superior Court "shall be conclusive and binding as to all questions of fact supported by any competent evidence." In sec. 6(i) of the Act there is a similar provision, declaring that "the findings of the Commission as to the facts, if there is evidence to support it, and in the absence of fraud, shall be conclusive and the jurisdiction of said court shall be confined to questions of law." The question of the power of the court to review findings of jurisdictional facts is not presented by this appeal. The effort to invoke the rule of procedure prescribed for appeals from the Utilities Commission is unavailing. The statutes, C. S., 1097 and 1098, providing appeal from that administrative agency, while expressed in language similar to that used in subsections (m) and (n), do

not contain the provision that the findings of fact by the Utilities Commission shall be conclusive on appeal. Hence, the procedure approved in *Utilities Com. v. Coach Co.,* 218 N. C., 233, and *Corporation Com. v. R. R.,* 196 N. C., 190, 145 S. E., 19, may not be held applicable here.

The validity of the provision in the Workmen's Compensation Act making the findings of fact by the Industrial Commission conclusive on appeal, when supported by competent evidence, has been uniformly upheld by this Court. *Buchanan v. Highway Com.,* 217 N. C., 173, 7 S. E. (2d), 382. Jury trials in cases arising under that Act have been eliminated. True, the Workmen's Compensation Act proceeds upon the assumption that the employer and the employee have accepted its provisions, *Heavner v. Lincolnton,* 202 N. C., 400, 162 S. E., 909, but it was also held in that case that the constitutionality of the Act on the ground of denial of trial by jury could not be successfully assailed, and that power was conferred by the Legislature upon the Commission to administer all the provisions of the Act in accord with its terms. In *Hagler v. Highway Com.,* 200 N. C., 733, 158 S. E., 383, it was said: "Under this Act trial by jury is not a constitutional right."

In *Cowles v. Brittain,* 9 N. C., 204, in an opinion written for the Court by *Chief Justice Taylor,* it was said: "There is a tacit condition annexed to the ownership of property that it shall contribute to the public revenue in such mode and proportion as the legislative will shall direct; and if the officers entrusted with the execution of the laws transcend their powers to the injury of an individual the common law entitled him to redress. But to pursue every delinquent liable to pay taxes through the forms of process and a jury trial would materially impede, if not wholly obstruct, the collection of the revenue; and it is not believed that such a mode was contemplated by the Constitution." A hundred years later, in *Groves v. Ware,* 182 N. C., 553, 109 S. E., 568, *Adams, J.,* speaking to a similar question, used this language: "That a State cannot deprive a person of his property without due process of law does not necessarily imply that all trials in the State courts shall be by a jury composed of twelve men. *Maxwell v. Dow,* 176 U. S., 581; *Walker v. Sauvinet,* 92 U. S., 92. Nor is the contention of the defendants necessarily determined in their favor by Art. I, sec. 19, of the Constitution of North Carolina. The right to a trial by jury, which is provided in this section, applies only to cases in which the prerogative existed at common law, or was procured by statute at the time the Constitution was adopted, and not to those when the right and the remedy with it are thereafter created by statute. 16 R. C. L., 194." A similar view is expressed in *National L. R. Bd. v. Jones & Laughlin Steel Corp.,* 301 U. S., 1.

In a recent case the Supreme Court of the State of Washington held that the findings of the Commissioner under the Unemployment Compensation statute of that state were conclusive on appeal. The Court said: "Looking to the quoted portion of the act in question relative to appeals taken to the Superior Court, and having in mind our former decisions relative to statutes of this nature, we are constrained to hold that the administrative determination of the facts is conclusive on the Court unless it be wholly without evidential support or wholly dependent upon a question of law, or clearly arbitrary or capricious." *In re Persons Employed at St. Paul & Tacoma Lumber Co.,* 110 Pac. (2d), 877.

The right to trial by jury has always been regarded as one of the most important safeguards of the liberties of the individual against oppression and injustice, and the Constitution of North Carolina declares that "In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and ought to remain sacred and inviolable." Art. I, sec. 19.

However, this constitutional provision has been generally held inapplicable to matters concerned with the administration of the tax laws and the machinery for the collection of taxes, unless the statute affords express authority for this method of determining questions of fact. "In the assessment and collection of taxes the constitutional provisions relating to trial by jury do not apply; and the taxpayer cannot complain of the mode of proceeding if he is given an opportunity to defend against the legality of the tax or the liability of his property before some competent board or tribunal." Black's Constitutional Law (3rd Ed.), p. 625; 35 C. J., 185.

The Unemployment Compensation Law provides remedies for an employer who claims a valid defense to the enforcement of the tax or to the collection of the contributions assessed. In addition to right of appeal from the decision of the Commission, it is provided that he may pay the tax under protest and sue for its recovery. Sec. 14 (e). It was said by *Barnhill, J.,* speaking for the Court, in *Ins. Co. v. Unemployment Compensation Com.,* 217 N. C., 495, 8 S. E. (2d), 619: "Where an administrative remedy is provided by statute for revision, against collection, or for recovery of taxes assessed or collected, the taxpayer must first exhaust the remedy thus provided before the administrative body, otherwise he cannot be heard by a judicial tribunal to assert its invalidity (citing cases). He must not only resort to the remedies that the Legislature has established but he must do so at the time and in the manner that the statute and proper regulations provide." The remedy provided by the statute must be pursued in the manner therein prescribed. *Myers v. Bethlehem Corp.,* 303 U. S., 41.

The defendant raises the question of the constitutionality of the defini-
tion of "employer" as contained in sec. 19 (f) (4), which reads as
follows: "Any employing unit which together with one or more other
employing units, is owned or controlled (by legally enforcible means or
otherwise) directly or indirectly by the same interests, or which owns or
controls one or more other employing units (by legally enforcible means
or otherwise), and which, if treated as a single unit with such other
employing unit, would be an employer under paragraph (1) of this ,
subsection." It is urged that this offends against the 14th Amendment
to the Constitution of the United States, and also tends to deprive de-
fendant of his property in violation of Art. I, sec. 17, of the Constitu-
tion of North Carolina. In support of his contention defendant cites
the recent case of *Independent Gasoline Co. v. Bureau of Unemployment
Compensation,* 190 Ga., 613, where it was held that the application of a
similar section in the Georgia Unemployment Compensation Law to a
case where an individual owned the majority of the stock in two different
corporations, would deny to the appealing corporation the equal protec-
tion of the laws guaranteed by the Federal Constitution. It was thought
that to tax the appealing corporation because of the fact that the owner
of the majority of its stock also owned a majority of the stock of another
corporation would constitute denial of the equal protection of the laws.
Upon substantially the same facts the same conclusion was reached by
the Supreme Court of Indiana in *Benner-Coryell Lumber Co. v. Indiana
Unemployment Compensation Board,* 29 N. E. (2d), 776.

However, we are not inclined to apply the principle held controlling
on the facts in those cases to the facts of this case, where it is sought
to collect the tax from an individual who, it is found, operates three
places of business, employing in the aggregate more than eight employees.
Nor do we regard this subsection, when properly interpreted and applied,
as open to successful attack on the ground that it would result in the
deprivation of property without due process of law or constitute a denial
of the equal protection of the laws. *Belk Bros. Co. v. Maxwell,* 215
N. C., 10, 200 S. E., 915; *Tea Co. v. Maxwell,* 199 N. C., 433, 154 S. E.,
838.

In *Unemployment Compensation Com. v. Coal Co.,* 216 N. C., 6, 3
S. E. (2d), 290, this Court upheld the validity of the definition chal-
lenged as applied to three small corporations having the same officers and
directors and, with two exceptions, the same stockholders, with a central
business office. It was said: "The General Assembly has declared that if
the separate enterprises are 'controlled directly or indirectly by the same
interests' the fiction of corporate identity is to be ignored in the face of
reality to the contrary and the affiliated enterprises are to be taxed as a
single employing unit. . . . That the General Assembly has the
power to determine the scope of the Act and to lay down definitions and

tests to be applied in administering it, has already been determined. *Unemployment Compensation Com. v. Ins. Co.,* 215 N. C., 479."

A similar provision in the Oklahoma statute was considered in *Gibson Products Co. v. Murphy,* 186 Okl., 714, and held not to offend state constitutional provisions. To the same effect is the holding in *Maine Unemployment Compensation Com. v. Androscoggin,* 16 Atl. (2d), 252, and *Florida Industrial Com. v. Gary-Lockhart Drug Co.,* 196 Sou., 845. See, also, cases from other jurisdictions cited in *Unemployment Compensation Com. v. Ins. Co., ante,* 576. The application of this provision in the South Carolina statute to the particular facts of that case was considered in *Ulmer v. Daniel,* 7 S. E. (2d), 829. See, also, *Unemployment Compensation Com. v. Trust Co.,* 215 N. C., 491, 2 S. E. (2d), 592.

In *Carmichael v. Southern Coal & Coke Co.,* 301 U. S., 495, where the constitutionality of the Alabama Unemployment Compensation Act (similar to the North Carolina statute) was upheld, it was said: "Neither due process nor equal protection imposes upon a state any rigid rule of equality of taxation."

From the clear language in which the underlying purposes of the Unemployment Compensation Act are declared, as well as from the comprehensive definitions of those sought to be embraced within its terms, it is to be gathered that the Legislature intended to provide a wide field of usefulness for this agency for social security and for mitigating the economic evils of unemployment. *Unemployment Compensation Com. v. Ins. Co.,* 215 N. C., 479, 2 S. E. (2d), 584. And all doubts suggested by objections on constitutional grounds should be resolved in favor of the validity of the Act and all its provisions. *Stewart Machine Co. v. Davis,* 301 U. S., 548; *National Labor Relations Bd. v. Jones & Laughlin Steel Corp.,* 301 U. S., 1; *Fletcher v. Comrs.,* 218 N. C., 1. In the last case on this subject considered by this Court, *Unemployment Compensation Com. v. Ins. Co., ante,* 576, it was said: "We think it is self-evident that the Legislature, for the purpose of levying the tax, may determine what shall constitute employment subject to taxation, without regard to existing definitions or categories."

The correctness of the judgment below is assailed upon another ground. It is argued that the findings of fact made by the Unemployment Compensation Commission, upon which it based its conclusion that defendant was liable for the tax, were not supported by competent evidence. This contention cannot be sustained. An examination of the record discloses evidence tending to show that the defendant J. M. Willis, during the period for which tax liability was adjudged, was the proprietor of three employing units wherein more than eight persons were employed for the requisite time. *McDermott v. State,* 82 Pac. (2d), 568. The defendant offered testimony that the Reynolds Building Barber Shop was managed

by his brother, and operated for the joint benefit of his brother and himself; and that the J. M. Willis Barber and Beauty Shop on Burke Street, though operated in his name, was owned and operated exclusively by his wife. However, there was evidence *contra,* and the facts have been found against the defendant. The Commission found upon competent evidence that defendant's operations came within the definition set out in sec. 19 (f) (4), and that he was liable for the tax assessed for the purpose of carrying out the Act, in accordance with its terms. Upon appeal these findings and conclusions were in all respects approved and confirmed by the judge of the Superior Court, and judgment was rendered accordingly.

For the reasons stated, we conclude that the judgment below must be Affirmed.