FLORIDA INDUSTRIAL COMMISSION AND LUCILE A. HARRIS, v. WALTER B. FRASER.

10 So. (2nd) 496                                    Division B
November 13, 1942      Rehearing Denied December 11, 1942

Burnis T. Coleman, John P. Mack and S. Sherman Weiss, for appellants.

Frank D. Upchurch and Willard Howatt, for appellee.

TERRELL, J.:

This case arises from the following facts. Fountain of Youth Properties, Inc., is a Florida corporation with 35 shares of capital stock, 33 shares being owned by Mrs. W. B. Fraser, one share by her husband, W. B. Fraser, and one share by her attorney, Frank D. Upchurch. Mrs. Fraser has the exclusive management and control of the corporation. W. B. Fraser owns exclusively a property known as "Oldest School House" which he manages and controls.

Lucille A. Harris was at one time an employee of Fountain of Youth Properties, Inc., but she later became an employee of "Oldest School House." The

former was an employing unit as contemplated by the Unemployment Compensation Act but the latter was not such a unit. While in the employment of "Oldest School House," Lucile A. Harris ran out of employment and claimed unemployment compensation under the law. The Florida Industrial Commission denied her claim but a referee for the Commission and the Board of review reversed the finding of the Commission. On appeal to the Circuit Court, the latter judgment was reversed. This appeal is from the judgment of the Circuit Court.

It is admitted that recovery depends on whether or not the two employing units can be treated as one so the question presented is whether or not Fountain of Youth Properties, Inc., owned and controlled by Mrs. W. B. Fraser and "Oldest School House" owned and controlled by W. B. Fraser, the two businesses not being otherwise related, may be treated as a single employing unit as contemplated by the Florida Unemployment Compensation Law, the pertinent part of which is Section 3-G-4, as follows:

"Any employing unit which, together with one or more employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests or by husband and wife, or which owns or controls one or more other employing units or a majority of the voting stock of one or more corporations (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units, or interests, or both, would be an employer under Paragraph 1 of this subsection."

The terms of the Act are devoid of sequence and ambiguous but it may be safely said that its purpose

was to combine all employing units owned or controlled by the same interest or by husband and wife and treat them as a single unit for the purposes of the Unemployment Compensation Act. If the employing unit is a corporation, the test of ownership or control would be who holds title to the corporate stock. If a partnership or other business, the test would be who holds title to the property.

If the employing units be corporations all the stock must be owned by the same interests or by husband and wife. If the employing unit be a business or other enterprise, it must be owned in partnership or jointly by the same interests. When the ownership in each unit is separate and distinct there is no basis under which they can be combined to make one unit. There must in other words be a community of interest in the employing unit.

In the case at bar, Fountain of Youth, Inc., is owned by Mrs. Fraser in her own right except one share of stock each owned by her husband and her attorney to comply with legal requirements to incorporate. "Oldest School House" is owned and controlled exclusively by the husband and so far as the record discloses, there is no community of interest passing from one to the other as to either property. For all we know, each property was the product of the individual means and energy of husband and wife and when this is the case, there is no theory under which the employing units may be treated as one under the Act.

This holding is by analogy supported in Florida Industrial Commission v. Gary-Lockhart Drug Co., et al., 143 Fla. 293, 196 So. 845. There we were confronted by a proposition to impose unemployment

compensation taxes on several employing units, all corporations, but the capital stock was distributed among the same holders and being so, the court upheld the tax. If the stock in all or part of the corporations had been distributed among separate and unrelated individuals, a different rule would prevail.

If the terms of the statute are not limited by the rule of community of interest among the same parties, any number of employing units may be treated as one. If the employing units proposed to be treated as one are owned by husband and wife, there must be community of interest as to all of them. Any other rule would endanger the validity of the Act for inequality of treatment. In this holding, we do not overlook the benevolent purpose of the Act; at the same time it must be construed with an eye to equal protection and due process when these elements are in the offing rather than with an eye to a field of operation dictated by our emotions. Since the law of this state recognizes property ownership in husband and wife, there is no reason why they should be treated differently from others in the same situation, there being no suggestion that separate ownership as to them is a mere fiction.

The facts in this case do not bring the two employing units within the rule stated, so the judgment appealed from is affirmed.

Affirmed.

BROWN, C. J., CHAPMAN AND THOMAS, JJ., concur.