29842. HUIET, commissioner, *et al.* v. DAYAN *et al.*

DECIDED MARCH 11, 1943.

*A. L. Henson, Clifford Walker, Otis L. Hathcock,* for plaintiffs in error. *Dillon & Rose,* contra.

STEPHENS, P. J. (After stating the foregoing facts.) Findings of fact of the appeals referee of the Bureau of Unemployment Compensation, where supported by evidence, are conclusive and binding. An employing unit under the unemployment compensation act "means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has, or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State." Code Ann. § 54-657(f). An employer under the act means "any employing unit, which for some portion of a day, but not necessarily simultaneously, in each of twenty different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight or more individuals (irrespective of whether the same individuals are or were employed in each such day)." Code Ann. § 54-657(g), (1). An employer under the act is also defined to be "Any employing unit which, together with one or more other employing units, engaged in related businesses, is owned or controlled directly or indirectly by the same interests, or which owns or controls one or more other employing units engaged in related businesses, and which, if treated as a single unit with such other employing units

or interests, or both, would be an employer under paragraph (1) of this subsection." Code Ann. § 54-657(g) (4). It is contended by the respondents that the petitioners, as to the complaining employee, constitute an employer within the meaning of paragraphs 1 and 4 of subsection g of this section. The three businesses, which together employ eight or more persons more than twenty weeks in each year, are not owned or controlled either directly or indirectly by the same interests. One of the businesses is owned and operated by Edmond Dayan by himself. Another of the businesses, the one operating the store at 33 Whitehall Street, in which the respondent employee was employed, is a partnership composed of Joseph Dayan and Edmond Dayan, and the business known as Dayan Brothers is a partnership composed of David Dayan and Edmond Dayan. The foregoing is based on the findings of the appeals referee, which were supported by the evidence. Whether or not these three businesses are "related businesses," they are not "owned or controlled directly or indirectly by the same interests." The two partnerships are separate and distinct business entities. The individual business of Edmond Dayan is entirely separate and distinct from either of the other businesses, although Edmond Dayan owns a half interest in the other two businesses. Joseph Dayan only owns a half interest in one of the businesses. David Dayan only owns a half interest in another of the businesses.

In the absence of some fraud or subterfuge, which does not here appear, the fact that these persons are brothers and for that reason co-operate in the running of the various businesses does not render the businesses "owned or controlled directly or indirectly by the same interests." The fact that Edmond Dayan has an interest in all three of the businesses, and the fact that merchandise would be received at the store of Edmond Dayan and would be purchased by him and a portion thereof would be by him sold and delivered to the two stores in which he is a partner, do not demand a finding that the businesses are owned or controlled directly or indirectly by the same interests. Purchasing enough merchandise in bulk to supply the three stores might enable Edmond Dayan to obtain it at a lower wholesale price for himself, and enable him to furnish it to the other stores in which he was interested at a lower price. Edmond Dayan being interested in all three businesses and being the brother of the half-owners of the other two businesses, the fact

that he purchased the merchandise in this manner and distributed a portion to each store does not of itself operate to make the three businesses so closely connected as not to be separate businesses, and does not constitute them businesses controlled directly or indirectly by the same interests, as provided under paragraph 4 of subsection g of the above section of the unemployment compensation act. *Independent Gasoline Co.* v. *Bureau of Unemployment Compensation,* 190 *Ga.* 613 (10 S. E. 2d, 58). It appears that one of the members of the firm for which the plaintiff worked is not interested at all in either of the other two businesses.

. We have considered the case of Kellogg *v.* Murphy, 349 Mo. 1165 (164 S. W. 2d, 285), cited by counsel for plaintiffs in error, in which the cases dealing with similar provisions in the unemployment compensation laws of several States are reviewed. However, this case does not decide the question here presented, and is not controlling.

It follows that the respondent employee was not employed by an employer, within the meaning of the sections of the unemployment compensation law quoted above, and that the superior court did not err in holding that the decision of the Board of Review was contrary to law.

*Judgment affirmed. Sutton and Felton, JJ., concur.*