WARREN BROKERAGE CO., INC., *v.* MISSISSIPPI UNEMPLOYMENT COMPENSATION COMMISSION.

(Division B. April 26, 1943.)

[13 So. (2d) 227. No. 35348.]

Dabney & Dabney, of Vicksburg, for appellant.

Harry M. Bryan and Henry Edmonds, both of Jackson, and Greek L. Rice, Attorney-General, for appellee.

858

Griffith, J., delivered the opinion of the court.

The facts as found by the commission, and which are undisputed, are as follows: "The Warren Credit Corporation was incorporated under the laws of the State of Mississippi in 1935 and since its incorporation has been and is engaged in the City of Vicksburg, Mississippi, in the business of commercial banking or sales finance; that the Warren Brokerage Company, Incorporated, was incorporated in 1938 under the laws of the State of Mississippi and since its incorporation has been and is engaged in the City of Vicksburg, Mississippi, in the business of brokering personal loans through the Industrial Finance & Thrift Corporation in New Orleans, Louisiana; that when the Warren Brokerage Company, Incorporated, was originally chartered and first began to do business its shares of capital stock were owned as follows: J. E. Bonelli, 2500 shares, F. Y. Dabney, 2500 shares, Natalie Groome, 1 share, and the Warren Credit Corporation 4999 shares; that on November 1, 1939, J. E. Bonelli and F. Y. Dabney each assigned, transferred and conveyed to the Warren Credit Corporation 250

shares of the stock held by them, thus increasing the interest of the Warren Credit Corporation's ownership of the capital stock of the Warren Brokerage Company, Incorporated, to 5499 shares, a substantial majority of all the capital stock of the Warren Brokerage Company, Incorporated; that all of said stock was voting stock, the only class of stock authorized and issued by the said Warren Brokerage Company, Incorporated; that this stock holding and ownership remained the same throughout the calendar years 1940 and 1941; that at no time during the calendar years 1940 and 1941 was any stock of the Warren Credit Corporation owned by the Warren Brokerage Company, Incorporated; that all of the Warren Credit Corporation stock was, during the calendar years 1940 and 1941, in the hands of twelve stockholders and that during said period all of the stock of the Warren Brokerage Company, Incorporated, was in the hands of four stockholders; that the two corporations are and have been at all times separate legal entities and that during said two calendar years of 1940 and 1941 they maintained separate books, accounts, bank accounts and records; that neither corporation alone has had as many as eight or more employees during the period for which the aforesaid assessment was made, but that during the whole of said period for which the said assessment was made, the Warren Credit Corporation and the Warren Brokerage Company, Incorporated, did have together more than eight employees engaged in non-exempt employment as defined by the said Unemployment Compensation Law.''

Under the facts as stated, the commission ruled that appellant was an employer subject to Sec. 19(h) (4) of the Unemployment Compensation Act, Chap. 176, Laws 1936, as amended.

Sec. 19(h) (1) and (4) of the statute, as amended by Laws 1938, ch. 147, sec. 16, reads as follows:

'' 'Employer' means:

''(1) Any employing unit which for some portion of a day, but not necessarily simultaneously, in each of twenty

different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment, eight or more individuals (irrespective of whether the same individuals are or were employed in each such day);

. . . . . . .

"(4) Any employing unit which, together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing units or interests, or both, would be an employer under paragraph (1) of this subsection."

Appellant contends, to quote the contention in its own language, as follows: "That provisions of the Mississippi Unemployment Compensation Commission statute, including in definition of employer and employing unit, which together with one or more other employing units is owned or controlled by the same interests, and which, if treated as a single unit with such other employing units would be an 'employer' violates the 'equal protection' clauses of the State and Federal Constitutions as applied to a corporation which does not employ the minimum of eight required by the Act, but which is controlled by one also owns a majority of the stock of another corporation which must be treated with the first as a single unit in order to render them subject to the act."

To support its position appellant relies on Independent Gasoline Co. v. Bureau of Unemployment Compensation, 190 Ga. 613, 10 S. E. (2d) 58, and Benner-Coryell Lbr. Co. v. Indiana Unemployment Compensation Board (Ind. Sup.), 29 N. E. (2d) 776. These two cases represent the minority view and seem to stand alone. They were discussed and disapproved in State of Washington v. Kitsap County Bank, 10 Wash. (2d) 520, 117 Pac. (2d) 228, and in Unemployment Comp. Comm. v. Willis, 219 N. C. 709, 15 S. E. (2d) 4.

In addition to the two cases last mentioned, there are in accord therewith New Haven Metal & Heating Co. v. Danaher, 128 Conn. 213, 21 Atl. (2d) 383; Florida Industrial Comm. v. Gary-Lockhart Drug Stores, Inc., 143 Fla. 293, 196 So. 845; Gibson Products Co. v. Murphy, 186 Okl. 714, 100 Pac. (2d) 453; Maine Unemployment Comp. Comm. v. Androscoggin, Junior, Inc., 137 Me. 154, 16 Atl. (2d) 252; and Wiley Motors, Inc., v. Unemployment Comm., 130 N. J. L. 30, 31 Atl. (2d) 39. By these it is seen that the majority of the courts have ruled against the contention here made by appellant; and there is such an elaboration of authority and reasoning in those cases that we do not attempt to enlarge upon them, adding only that we concur in the results reached therein, which means that we are of the opinion that the action of the commission in the present case was correct. Although not in precise point, Mississippi Unemployment Comp. Comm. v. Avent, 192 Miss. 85, 4 So. (2d) 296, 684, is of interest.

Affirmed.