OUTDOOR DISPLAY ADVERTISING CORPORATION *v.* HAKE.

SOUTHERN ADVERTISING CO., INC. *v.* SAME.

(*Nashville,* December Term, 1947.)

Opinion filed February 28, 1948.

THOS. M. EVANS and STOCKELL & FINNEY, all of Nashville, for appellants.

W. L. MOORE, of Nashville, for Hake, Com'r.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The Outdoor Display Advertising Corporation and The Southern Advertising Company, Inc., filed their separate bills in the Chancery Court of Davidson County, against W. O. Hake, Commissioner of Employment Security of the State of Tennessee, to recover certain contributions assessed by the Commissioner under the Unemployment Compensation Law and paid under protest. The question involved is the same in both causes and they were tried together on a stipulation of facts filed in each cause, and the Chancellor held in favor of the Commissioner and dismissed the suits. This appeal resulted.

As shown by the stipulation, neither the Outdoor Display Advertising Corporation nor The Southern Advertising Company, Inc., had as many as eight employees during the assessment period so as to be liable for contributions under the Unemployment Compensation Law, but their combined employees number more than eight.

The Commissioner made the assessments under Williams' Code, sec. 6901.19(f) (4), known as the "affiliate clause," which reads as follows:

"(f) 'Employer' means:

.   .   .   .

"(4) Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interests, or which owns or controls

one or more other employing units (by legally enforceable means or otherwise), and which if treated as a single unit with such other employing units or interests, or both, would be an employer under subsection (1) of this subsection.''

It was stipulated that the outstanding stock of the Outdoor Display Advertising Corporation is owned 100 shares by G. Vernon Pegram and 100 shares by Ross I. Evans. The stock of The Southern Advertising Company, Inc., is owned 13 shares by G. Vernon Pegram and 13 shares by Ross I. Evans.

The directors of the Outdoor Display Advertising Corporation are G. Vernon Pegram, Ross I. Evans and Thomas M. Evans, and the officers are G. Vernon Pegram, president and treasurer, and Ross I. Evans, vice-president and secretary. The directors of The Southern Advertising Company, Inc., are G. Vernon Pegram, Ross I. Evans and F. A. Maxwell, and the officers are G. Vernon Pegram, president and treasurer, and Ross I. Evans, vice-president and secretary. Neither corporation owns any stock in the other corporation, and the employees of each are separately hired and fired.

The stipulation provides further that said two corporations do not exchange business, are not interrelated, but are separately confined to their respective counties. They have separate bank accounts and are separately financed.

The Outdoor Display Advertising Corporation is licensed to do business alone in Nashville, and The Southern Advertising Company, Inc., is licensed to do business alone in Chattanooga.

The complainants reply on the case of *Independent Gasoline Co.* v. *Bureau of Unemployment Compensation,* 190 Ga. 613, 10 S. E. (2d) 58, and *Benner-Coryell Lumber Co.* v. *Indiana Unemployment Compensation Board,* 218

Ind. 20, 29 N. E. (2d) 776. These two cases held the so-called "affiliate clause" to be invalid if construed to include separate corporate entities doing separate and non-integrated businesses, but they represent the minority view.

In *Warren Brokerage Co.* v. *Mississippi Unemployment Compensation Commission*, 194 Miss. 855, 13 So. (2d) 227, 228, the Supreme Court of Mississippi said: "To support its position appellant relies on *Independent Gasoline Co.* v. *Bureau of Unemployment Compensation*, 190 Ga. 613, 10 S. E. (2d) 58, and *Benner-Coryell Lbr. Co.* v. *Indiana Unemployment Compensation Board*, 218 Ind. 20, 29 N. E. (2d) 776. These two cases represent the minority view and seem to stand alone."

In *Mt. Vernon Bank & Trust Co.* v. *Iowa Employment Security Commission*, 233 Iowa 1165, 11 N. W. (2d) 402, at page 406, the Supreme Court of Iowa said:

"We are convinced that the better rule is laid down by the majority of the cases that have decided that the common ownership and control clause fixes a classification which is neither arbitrary nor capricious. It seems to us that in the earlier cases the question became involved by legalistic discussion of theories of corporate entities and the rights of majority and minority stockholders. The legislative definition of an 'employer' in this statute springs from realistic considerations. The legislative purpose of the act as expressed in section 1551.08, Code of 1939, is to provide stable employment, benefits for unemployment, and the maintenance of purchasing power through periods of unemployment. That the legislature may tax for that purpose is beyond question. That the legislature may make a reasonable classification for the imposition of the tax is likewise beyond question. By its definition of the word 'employer' under the common

ownership and control provision, the legislature has merely used as a basis the common control that exists between otherwise separate business establishments. As said in *New Haven Metal & Heating Supply Co.* v. *Danaher, supra* (128 Conn. 213, 21 A. (2d) 383, 388) : 'No justification is suggested for the claim that the legislature does not have the authority to recognize the practicalities of control notwithstanding the existence of corporate entities which may be materially affected by such recognition. . . . It is only in the shadows cast by legal technicalities that a lack of common ownership and control can be discerned. Looking through these shadows to discover the substance of things, as courts are now wont to do, to the end that fraud may be defeated, obligations and responsibilities not evaded and the ends of justice subserved, one real ownership and control may be found present in the situation before us.'

"The classification resting upon control is reasonable and it is calculated to effect the legislative purpose. The possibility that evasion, by splitting business establishment, is prevented is sufficient justification for the classification."

The two corporations fall within the definition of the "affiliate clause," and it is to be noted that these corporations are engaged in exactly the same types of business, and are both owned by the same two men, who, in addition to being the owners-officers, constitute the majority of the board of directors of the corporations. The control of a corporation is fixed in its board of directors, who are elected by the stockholders, and consequently controlled by them.

In the annotation on this question in 158 A. L. R. 1237, 1240, we find the following quotation by the annotator from the case of *Florida Industrial Commission* v. *Fra-*

*ser,* 151 Fla. 755, 10 So. (2d) 496, 497: "Its purpose was to combine all employing units owned or controlled by the same interests or by husband and wife and treat them as a single unit for the purposes of the Unemployment Compensation Act. If the employing unit is a corporation, the test of ownership or control would be who holds title to the corporate stock." See *Mt. Vernon Bank & Trust Co.* v. *Iowa Employment Security Commission, supra; State* v. *Kitsap County Bank,* 10 Wash. (2d) 520, 117 P. (2d) 228; *Zehender & Factor, Inc.* v. *Murphy,* 386 Ill. 258, 53 N. E. (2d) 944.

No question of employer or employee relationship is involved in these causes, the two corporations being treated, for the purposes of liability, as an "employer" as defined in the statute. Hence, the case of *Texas Co.* v. *Bryant, Com'r,* 178 Tenn. 1, 152 S. W. (2d) 627, has no application.

Complainants cite *Wolfe* v. *Bryant, Com'r,* 181 Tenn. 357, 181 S. W. (2d) 343. In that case it was held that the provisions of the Unemployment Compensation Act must be so construed as not to render the Act even in part invalid for arbitrary classification. That case involved a different question of classification than the one now under consideration. There it appeared that Olswing conducted a separate and independent business from that conducted by Wolfe and fell under Williams' Code, sec. 6901.19(e), (g) (6) (C).

It results that we are of opinion that there was no error in the decree of the Chancellor and it is affirmed.

All concur.