33 N.J. Super. 432 (1955)
110 A.2d 563
HILLSIDE HOLDING CORP., PETITIONER-APPELLANT,
v.
DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 20, 1954.
Decided January 7, 1955.
*433 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Leopold Frankel argued the cause for the appellant (Messrs. Frankel & Frankel, attorneys).
Mr. Herman D. Ringle argued the cause for the respondent.
The opinion of the court was delivered by FRANCIS, J.A.D.
The previous history of this cause appears in 32 N.J. Super. 57 (App. Div. 1954). The *434 Appellate Division in its opinion reported there disposed of all of the attacks upon the approval by the Commissioner of Labor and Industry of a determination by the Division of Employment Security that appellant occupied subject status as an employer under the Unemployment Compensation Law (R.S. 43:21-1 et seq., as amended) between January 1, 1941 and December 31, 1945, except the attack upon the constitutionality of section 19(h) (4) of the act (N.J.S.A. 43:21-19(h) (4)). On that phase of the matter, the court concluded that the question had not been presented adequately and counsel were given leave to file supplemental briefs. Advantage was taken of the permission and the constitutional issue has now been submitted to us.
For purposes of reorientation a concise statement of the factual situation so far as it relates to the present problem seems necessary. Cliffside Dyeing Corporation was organized May 8, 1940 with three officers and stockholders. Plaintiff, Hillside Holding Corp., came into being on November 15 of the same year; its only officers and stockholders were the same three persons. Hillside was a holding company; Cliffside an operating one. Cliffside operated a dying plant with machinery and equipment owned by Hillside and leased to it. The only employees of Hillside were the three officers referred to. In addition to the three officers who were common to both corporations, Cliffside had a substantial number of employees, many more than required to make it a subject employer for unemployment compensation purposes.
Accordingly, Cliffside made contributions to the compensation fund as required by the act on the basis of the number of employees and the amount of their wages up to the prescribed maximum. N.J.S.A. 43:21-7. The salaries paid to the three common officers were included in the computation of the contributions.
However, the three common officers being its only employees, Hillside did not consider itself within the coverage of the Act and consequently made no contributions. In November 1953 the Director of the Division of Employment Security concluded that it was a subject employer by virtue *435 of section 19(h) (4) and made assessments for contributions on the basis of the wages paid to the three officers.
Section 19 (N.J.S.A. 43:21-19) provides, among other things:
"(g) `Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint-stock company, insurance company or corporation * * * which has * * * in its employ one or more individuals performing services for it within this State. * * *
(h) `Employer' means:
(1) Any employing unit which for some portion of a day * * * in each of twenty different weeks * * * has or had in employment, eight or more individuals * * *. [Four or more since 1945.]

* * * * * * * *
(4) Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforcible means or otherwise) directly or indirectly by the same interests, or which owns or controls one or more other employing units (by legally enforcible means or otherwise), and which, if treated as a single unit with such other employing unit or interests, would be an employer under paragraph (1) of this subsection; * * *."
Although the only employees of Hillside were the three officers, the declaration of subject status was made because it was an employer, that is, an employing unit which together with another employing unit was owned and controlled by the same interests and which if treated as a single unit would have more than eight employees.
The alleged unconstitutionality of section 19(h) (4) is not predicated upon a charge that the selection by the Legislature of a total of eight employees as a base number for the application of the act constitutes an arbitrary and unreasonable classification of subject and non-subject employers. Such an objection was disposed of adversely in Wiley Motors, Inc., v. Unemployment, etc., Comm., 130 N.J.L. 30 (Sup. Ct. 1943), affirmed 131 N.J.L. 228 (E. & A. 1944). The allegation is that Hillside is denied equal protection of the law in violation of the Fourteenth Amendment of the Constitution of the United States because (a) other individual, independent corporations engaged in the same business having less than eight employees are not taxed for unemployment *436 compensation purposes; (b) corporations are separate and distinct entities and stock ownership or control thereof cannot be made the criterion for their taxability; and (c) the common employees of the two corporations are subjected to double taxation.
Manifestly a primary purpose of the statute was to prevent an enterprise owned or controlled by the same persons from departmentalizing into separate corporations, each one or some of them having less than eight employees and thus avoiding tax responsibility. The making of stock ownership or control of the corporations the criterion for determining taxability is clearly related to the salutary object of relieving the public from the evil of involuntary unemployment. The classification of corporations according to ownership or control to achieve that end is not discriminatory; all in that category are equally affected.
Contentions (a) and (b) of the appellant are not new; they have been dealt with and disposed of adversely in a number of jurisdictions, although this seems to be the first time they have been raised specifically in our courts.
The Connecticut statute (General Statutes, Cum. Supp. 1939, § 1335e) contains language of the same import as our section 19(h) (4), and a like challenge to its constitutionality was made in New Haven Metal & Heating Supply Co. v. Danaher, 128 Conn. 213, 21 A.2d 383 (Sup. Ct. 1941). There it was pointed out that the mandate for equal protection of the law is satisfied when all persons similarly situated are given equal protection in the enjoyment of rights belonging to all. And the court said:
"Applying these principles, since the formula established by the statutory provision in question applies to all employers similarly situated, that is, to all employers whose businesses are under common ownership or control, the question is resolved to whether the classification has a fair and substantial relation to the object of the legislation. If it has, it is valid. If it has not, it is arbitrary, unreasonable and capricious, and therefore void. It is apparent from the plan embodied in the act as already stated that its primary object is to relieve against the distress of unemployment, and that the imposition of the tax upon employers is incidental. * * * The content of this provision [§ 1335e] * * * is to apply to such a situation as the *437 one before us, which the original enactment failed to cover, and to deal with it in a manner in harmony with the general design of the act, considered in connection with the avowed purpose of its enactment, leaves no doubt that the classification prescribed by it has a fair and substantial relation to the object of the legislation. That it is calculated to close an avenue of tax avoidance, of itself lends support to its validity. * * *
The final claim calling for consideration is that the statute impairs the obligation of the state's contract with the plaintiff corporation and it is for this reason unconstitutional. The plaintiff's contention is that it impairs this contract `for it tears the corporate veil from the plaintiff and denied to its stockholders that very protection for which it contracted with the state, * * * action expressly inhibited by Article I, Section 10 of the Federal Constitution * * *.' It is true that a court of equity will look through the corporate veil in certain circumstances but none of those generally recognized is apparently present in this case. (Citing cases.) The court determines whether or not to do so in pursuance of its judicial function to uphold the ends of public policy. (Citing cases.) But the legislature determines the public policy of the state, and there is no such restriction upon the legislative function. No justification is suggested for the claim that the legislature does not have the authority to recognize the practicalities of control notwithstanding the existence of corporate entities which may be materially affected by such recognition. (Citing cases.) To paraphrase what we said in Connecticut Co. v. New York, N.H. & H.R. Co., supra [94 Conn. 13, 107 A. 646]: It is only in the shadows cast by legal technicalities that a lack of common ownership and control can be discerned. Looking through these shadows to discover the substance of things, as courts are now wont to do, to the end that fraud may be defeated, obligations and responsibilities not evaded and the ends of justice subserved, one real ownership and control may be found present in the situation before us."
Other cases to the same effect, involving identical or substantially similar clauses, are: Zehender & Factor, Inc., v. Murphy, 386 Ill. 258, 53 N.E.2d 944 (Sup. Ct. 1944); State v. Kitsap County Bank, 10 Wash.2d 520, 117 P.2d 228 (Sup. Ct. 1941); Maine Unemployment Compensation Commission v. Androscoggin Junior, Inc., 137 Me. 154, 16 A.2d 252 (Sup. Jud. Ct. 1940); Iron Street Corp. v. Michigan Unemployment Compensation Comm., 305 Mich. 643, 9 N.W.2d 874 (Sup. Ct. 1943); Godsol v. Michigan Unemployment Compensation Comm., 302 Mich. 652, 5 N.W.2d 519, 142 A.L.R. 910 (Sup. Ct. 1942); Mississippi Unemployment Compensation Comm. v. Avent, 192 Miss. 85. *438 4 So.2d 296, 684 (Sup. Ct. 1941), appeal dismissed 316 U.S. 641, 62 S.Ct. 947, 86 L.Ed. 1727 (1941).
Hillside relies upon Independent Gasoline Co. v. Bureau of Unemployment Compensation, 190 Ga. 613, 10 S.E.2d 58 (Sup. Ct. 1940), certiorari denied 311 U.S. 707, 61 S.Ct. 175, 85 L.Ed. 459 (1940), and Benner-Coryell Lumber Co. v. Indiana Unemployment Compensation Board, 218 Ind. 20, 29 N.E.2d 776 (Sup. Ct. 1940), certiorari denied 312 U.S. 698, 61 S.Ct. 741, 85 L.Ed. 1132 (1941). These two cases adjudged the common ownership or control provision in the acts of their respective states to be unconstitutional for the reasons now advanced to us. However, they stand alone in their viewpoint; they are overwhelmingly outweighed by the authorities to the contrary; and we regard the sounder view to be that favoring concordance with the constitution.
In Zehender & Factor, Inc., v. Murphy, supra, the Illinois Supreme Court expressly rejected these cases. Referring to them it said:
"* * * These cases hold similar acts invalid on the ground that they contravene the constitutional requirement of equal protection of the laws. As against these two authorities, some seventeen courts of jurisdictions outside of Illinois have passed upon this or similar language, holding it valid." (53 N.E.2d, at page 947).
They were denied recognition also in Warren Brokerage Co. v. Mississippi Unemployment Comp. Comm., 194 Miss. 855, 13 So.2d 227 (Sup. Ct. 1943), and in State v. Kitsap County Bank, supra.
The final ground of attack, (c) above, that the application of section 19(h) (4) imposes double taxation on Hillside and its three employees is not sound. The corporation is taxed only on the basis of the wages it pays to each of them up to $3,000 (§ 7; N.J.S.A. 43:21-7(b)(5) (A)), and if by reason of the operation of section 19(h) (4) the employees make contributions on their total wages in excess of $3,000, the Division concedes that they are entitled to a rebate. N.J.S.A. 43:21-14.1.
The decision of the Commissioner of Labor and Industry is affirmed.